IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE )<br>REGISTRARS AND ADMISSIONS )<br>OFFICERS, )<br>1 Dupont Circle, Suite 520 )<br>Washington, DC 20036 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN UNIVERSITIES ADMISSION )<br>PROGRAM, INC. )<br>5053 Ocean Blvd., Suite 19 )<br>Sarasota, FL 34242 )<br>)<br>and )<br>)<br>Jean-Noel Prade )<br>4619 Higel Avenue )<br>Sarasota, FL 34242 )<br>)<br>Defendants. )<br>_____) | Civil Action No. _____ |

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.1, plaintiff American Association of Collegiate Registrars and Admissions Officers ("AACRAO") moves for a temporary restraining order in the form of the proposed order filed with this Application. Counsel for AACRAO served defendants with a copy of this Motion for a Temporary Restraining Order and the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction with exhibits, and the Proposed Temporary Restraining Order via overnight mail service on Monday, January 23, 2006.

1

The Court's attention is respectfully invited to the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction filed concurrently herewith, which is incorporated herein by reference.

Date: January 23, 2006                                    Respectfully submitted,

                                                          _____
                                                          Christopher P. Murphy
                                                          D.C. Bar # 447130
                                                          John K. Hsu
                                                          D.C. Bar # 474245
                                                          Arent Fox PLLC
                                                          1050 Connecticut Avenue, NW
                                                          Washington, DC 20036
                                                          Telephone: 202-857-6000
                                                          Facsimile: 202-857-6395

                                                          **ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS,<br>1 Dupont Circle, Suite 520<br>Washington, DC 20036<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC.<br>5053 Ocean Blvd., Suite 19<br>Sarasota, FL 34242<br><br>and<br><br>Jean-Noel Prade<br>4619 Higel Avenue<br>Sarasota, FL 34242<br><br>Defendants. | Civil Action No. _____ |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

I.  INTRODUCTION

In direct violation of plaintiff American Association of Collegiate Registrars and Admissions Officers' ("AACRAO") rights, defendants American Universities Admission Program, Inc. ("AUAP") and Jean-Noel Prade ("Prade") (collectively "defendants") are using AACRAO's trademarks without authorization and are representing that AUAP is affiliated with AACRAO when no such affiliation exists.

1

The harm to AACRAO is real and present. Defendants are providing evaluations of foreign academic credentials of less than adequate quality in contrast to the thorough and accurate evaluations provided by AACRAO. Moreover, defendants' use of AACRAO's marks and their false representations will mislead academic institutions into believing that AACRAO has reviewed or endorsed AUAP's services. Accordingly, AACRAO respectfully requests this Court grant its motion for a temporary restraining order enjoining defendants from using AACRAO's trademarks and falsely representing that AUAP is affiliated with AACRAO.

## II.    FACTUAL BACKGROUND

AACRAO is a non-profit corporation organized in the District of Columbia and is one of the leading trade organizations for the community of higher education admissions and registration professionals. *See* Exhibit 1, Nassirian Affidavit at ¶ 3. AACRAO promotes the advancement of post-secondary education and provides professional development, guidelines and voluntary standards used by higher education officials regarding the best practices in records management, admissions, enrollment management, administrative information technology and student services. *Id.* AACRAO also provides evaluation of foreign academic credentials to universities in the United States so that the universities may determine the legitimacy of the foreign academic credentials. *Id.*

In promotion of its products and services, AACRAO uses in interstate commerce a number of trademarks including:

- AACRAO 1910, and Design (Registration Number 2,081,476)
- AACRAO ENROLLMENT SERVICES (Registration Number 3,009,189)

2

- AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS (Federal Application Serial Number 78/769,480)
- AACRAO EDGE (Federal Application Serial Number 76/612,526)
- AACRAO

*Id.* at ¶ 4 (hereafter "AACRAO marks"). AACRAO owns all rights and interests in its marks. *Id.*

AACRAO offers yearly, non-voting memberships with its organization to individuals or organizations to allow access to information and services from AACRAO not available to the public. *Id.* at ¶ 5. Members, however, are not allowed to use any of AACRAO's name, trademarks, or logo without written permission from AACRAO nor hold themselves out as being endorsed or affiliated with AACRAO without written permission. *Id.*

On or about June, 2001, AACRAO became aware of defendants' use of AACRAO's federally registered mark, AACRAO 1910, and Design (Registration Number 2,081,476) on AUAP's letterhead. *Id.* at ¶ 9. Though at the time defendants were non-voting members of AACRAO, they were without authority to use the AACRAO marks. Some members mistakenly use the AACRAO marks, but generally comply with AACRAO's membership agreement when advised. *Id.* at ¶ 5. Accordingly, AACRAO began requesting that defendants comply with membership requirements.

On or about July 18, 2001, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP had no authorization to use AACRAO's mark and must cease its use immediately. *Id.* On or about July 23, 2001, Prade responded that although he believed

3

that AUAP was not in violation of its membership agreement with AACRAO, AUAP would cease using the mark. *Id.* at ¶ 10.

On or about October, 2003 AACRAO became aware of defendants' use of AACRAO's marks ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO on AUAP's letterhead, advertising, and other documents. *Id.* On or about October 14, 2003, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP had no authorization to use AACRAO's marks and that the use of the marks falsely suggested that AUAP's goods and services were approved or authorized by AACRAO. *Id.* at ¶ 11.

On or about June 30, 2005, however, AUAP ceased being a non-voting, corporate member of AACRAO. *Id.* at ¶ 12. For the first time, as explained below, defendants claimed a "right" to use the AACRAO marks and represent that they were affiliated with AACRAO.

AACRAO became aware of AUAP's continued use of AACRAO's marks on its letterhead. In particular, on or about September 28, 2005, AACRAO received an evaluation written by AUAP and on AUAP letterhead that shows the words "American Association of Collegiate Registrars and Admissions Officers AACRAO MEMBER" prominently displayed near the top of the evaluation. *Id.*

Furthermore, the evaluation contains discrepancies and incorrect statements. *See* Exhibit 2, Gough Affidavit at ¶ 6. On the first page of the evaluation, AUAP states that the candidate has the equivalent of a Bachelor of Business Administration, but on the second page AUAP states that the candidate has the equivalent of an Associate degree in Business Administration, plus the successful completion of an extra year of high-level

4

undergraduate studies. *Id.* The evaluation also incorrectly states on the second page that the evaluation "follows the recommendations of the National Council on the Evaluation of Foreign Educational Credentials." The National Council, however, has never approved any placement recommendations for the Ivory Coast, the country of origin of the foreign credentials in the evaluation. *Id.*

On or about November 3, 2005, AACRAO sent a letter to AUAP, addressed to Prade, stating that it had no authorization to use AACRAO's marks and instructing AUAP to cease and desist from making use of the AACRAO marks and to remove any statements or suggestions that AUAP remains a member of or affiliated with AACRAO. *See* Exhibit 1, Nassirian Affidavit at ¶ 13. On or about December 19, 2005, AACRAO reiterated its demands that AUAP cease and desist from making any use of the AACRAO marks and falsely representing itself as a member of or affiliated with AACRAO. *Id.* at ¶ 14.

On or about December 21, 2005, Prade responded to AACRAO and, for the first time, asserted that AUAP has an affirmative right to continue to hold itself out as a reciprocal member of AACRAO through its affiliation with the European Association for International Education ("EAIE"). *Id.* at ¶ 15.

Contrary to Prade's assertion, AUAP has no right to falsely hold itself as having any affiliation with AACRAO by virtue of being affiliated with EAIE. AACRAO has reciprocal membership with EAIE itself, which in no way grants membership in each other's association to the members in those organizations. *Id.* at ¶ 16. Moreover, AUAP has never been authorized to use any of AACRAO's marks. *Id.*

On or about January 3, 2006, AACRAO received an evaluation written by AUAP and on AUAP letterhead. Id. at ¶ 17. The evaluation shows that defendants continue to use AACRAO's marks as the evaluation uses the words "Reciprocal Member AACRAO" prominently displayed near the top of the evaluation. Id. Furthermore, the evaluation AUAP which appeared to be not thoroughly prepared. See Exhibit 2, Gough Affidavit at ¶ 7. On its evaluation, AUAP made clear statements as to the validity of the candidate's foreign academic credentials. Id. Upon further review of the candidate's claimed foreign credentials, AACRAO concluded that discrepancies and inconsistencies existed with the credentials and that further documentation was needed. Id. Moreover, defendants continue to use AACRAO's marks and falsely represent that AUAP is affiliated with AACRAO on AUAP's website located at www.auap.com. See Exhibit 3, pages from AUAP's website printed on or about January 18, 2006.

### III. ARGUMENT

The Courts of this Circuit traditionally apply the four-part test for the issuance of a preliminary injunction or temporary restraining order. To demonstrate entitlement to a such relief, the movant must show "1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995). "The district court balances the litigant's showings in these four areas in deciding whether to grant an injunction." *CityFed*, 58 F.3d at 746.

A.  <u>AACRAO Has a Substantial Likelihood of Success on the Merits</u>

There is a substantial likelihood that AACRAO will prevail on the merits of this case. Defendants have committed trademark infringement by using AACRAO's marks without authorization. Defendants also use AACRAO's marks to falsely represent that they are affiliated with AACRAO when no such affiliation exists. Moreover, AACRAO does not endorse or review any of defendants' products or services. Consequently, defendants' use of AACRAO's marks and false representation of affiliation are wholly without merit.

B.  <u>AACRAO Will Suffer Irreparable Injury in the Absence of the Requested Injunctive Relief</u>

AACRAO is suffering irreparable harm from defendants' acts. First, defendants' infringement of AACRAO's marks by itself causes irreparable harm to AACRAO. *See Appleseed Found. Inc. v. Appleseed Institute, Inc.*, 981 F.Supp. 672, 677 (D.D.C. 1997)("Trademark infringement by its very nature causes irreparable injury.") Secondly, AACRAO's reputation and good will are being damaged by defendants' false representation that AUAP is associated with AACRAO in light of the AUAP's evaluations that contain discrepancies and incorrect statements.

Defendants will continue to infringe AACRAO's trademarks, and indeed, defendants assert that they have a *right* to continue their unauthorized use of AACRAO's marks and to continue their false representations. By allowing defendants' conduct to persist, AACRAO's reputation and good name are harmed as academic institutions will believe that defendants' evaluations of foreign academic credentials are endorsed or reviewed by AACRAO.

7

Given the strength of plaintiff's position on the merits, even "a relatively slight showing of irreparable injury" is adequate to justify the issuance of a TRO. As the D.C. Circuit has held,

> [I]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak. An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury.

*CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (citation omitted). Nonetheless, plaintiff's showing of harm here is substantial.

C.   <u>Defendants Will Not Be Burdened if this Court Enjoins Them From Their Unlawful Acts</u>

Defendants cannot be said to be "burdened" by a requirement that they comply with the law. *See Malarkey-Taylor Assoc., Inc. v. Cellular Telecomm. Indus. Ass'n*, 929 F.Supp. 473, 478 (D.D.C. 1996) ("Moreover, the balance of harms cannot favor a defendant whose injury results from the knowing infringement on the plaintiff's trademark"). Defendants will not be harmed if an injunction is granted because Defendants will still be able to conduct their business and will only be prohibited from unlawful activity, namely from using AACRAO's marks without authorization and from falsely representing that they are affiliated with AACRAO. *See id.* (noting that an injunction was appropriate because it "would not prevent [defendant] from continuing to provide the service. It would merely require [defendant] to find another way to identify the service").

8

D. <u>The Public Interest Favors the Requested Relief</u>

The final criterion for the issuance of a TRO is clearly satisfied in this case. The public interest is served because defendants should not be permitted to pass off their service as being affiliated with or recognized by AACRAO when AACRAO does not approve or review any of the services or products from defendants, and defendants are not members or affiliated with AACRAO. *See Sears, Roebuck & Co. v. Sears Fin. Network*, 576 F.Supp. 857, 865 (D.D.C. 1983) ("It is within the public interest for the Court to take action to prevent public deception and confusion over the source or origin of businesses with which the public deals"). If defendants are allowed to hold themselves out as affiliated with AACRAO, consumers may be misled into purchasing a product or service that does not measure up to AACRAO's high standards.

## IV.    CONCLUSION

For the foregoing reasons, AACRAO respectfully requests that this Court grant its motion for a temporary retraining order.

Date: January 23, 2006

Respectfully submitted,

_____
Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEYS FOR PLAINTIFF**

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN ASSOCIATION OF COLLEGIATE )
   REGISTRARS AND ADMISSIONS )
   OFFICERS, )
1 Dupont Circle, Suite 520 )
Washington, DC 20036 )
      )
   Plaintiff, )
      )
   v. )   Civil Action No. _____
      )
AMERICAN UNIVERSITIES ADMISSION )
   PROGRAM, INC. )
5053 Ocean Blvd., Suite 19 )
Sarasota, FL 34242 )
      )
   and )
      )
Jean-Noel Prade )
4619 Higel Avenue )
Sarasota, FL 34242 )
      )
   Defendants. )
      )

## PROPOSED ORDER

This cause came on for consideration on Plaintiff, American Association of Collegiate Registrars and Admissions Officers' ("AACRAO") Motion for a Temporary Restraining Order and upon consideration of same, it is hereby ORDERED and ADJUDGED that until such time a preliminary injunction hearing is heard and determined by this Court, the Court issues this Temporary Restraining Order against defendants as follows:

    (I)    Defendants, their officers, agents, employees, servants, privies, successors and assigns, attorneys and representatives, and all persons and organizations in active participation and combination with them, are enjoined from

(a) using any of AACRAO's trademarks including AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO or any other name or mark confusingly similar thereto or using any counterfeit or colorable imitation thereof, or using the name or mark along or in combination with other words, names, styles, titles or marks in connection with the rendering or the advertising or promotion of related goods or services including (A) on AUAP's website located at the URL www.auap.com; (B) on presentation materials; (C) on evaluation documents; and (D) on business letterhead or facsimile cover sheets; and

(b) falsely representing that defendants have any affiliation with AACRAO including being a member or a reciprocal member of AACRAO or otherwise engaging in deceptive acts and practices in the conduct of their business.

(II) Defendants are ordered to identify in writing within five (5) days of entry of this Order, and to produce immediately all documents in their possession identifying all parties sent promotional materials or evaluations bearing any mark of AACRAO or falsely advertising their affiliation with AACRAO.

Done this _____

_____

## CERTIFICATE OF SERVICE

I, John K. Hsu, certify that a true and correct copy of the foregoing Motion for a Temporary Restraining Order and Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction along with the accompanying exhibits, and the Proposed Temporary Restraining Order was served this January 23, 2006 via Federal Express on the following:

>Gregory C. Yardley
>Registered Agent for Defendant AUAP
>Shumaker, Loop & Kendrick, LLP
>101 East Kennedy Boulevard
>Suite 2800
>Tampa, Florida 33602
>
>Jean-Noel Prade
>American Universities Admission Program, Inc.
>5053 Ocean Boulevard, Suite 19
>Sarasota, Florida 34242
>
>Jean-Noel Prade
>4619 Higel Avenue
>Sarasota, Florida 34242

_/s/ John K. Hsu_
John K. Hsu