UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF <br>   COLLEGIATE REGISTRARS AND <br>   ADMISSIONS OFFICERS, <br><br>                     Plaintiff, <br><br>       v. <br><br> AMERICAN UNIVERSITIES ADMISSION <br>   PROGRAM, INC., *et al.*, <br><br>                     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-0137 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

      Plaintiff in the above-captioned case has filed a complaint and moved for a temporary restraining order based on trademark infringement. Service was effectuated as of January 26, 2006, on American University Admissions Program, Inc. ("AUAP") through its registered agent. No service has been accomplished with respect to Jean-Noel Prade, President of AUAP. No answer or opposition has been filed on behalf of either defendant.

      Shortly after the complaint was filed, the Court had a conference call with plaintiff's counsel and a Swiss counsel purporting to represent the defendant. At that time, Swiss counsel indicated that defendant was undertaking to retain counsel who could appear in this matter. Based on that call, the Court set a briefing schedule. *See* Order issued on January 31, 2006. Thereafter, the Court was informed on February 6, 2006 by Jean-Noel Prade's son that his father had been seriously injured in Italy and that he had been unable to retain counsel.

Subsequently, on February 26, 2006, Mr. Prade's wife sent a fax to the Court also confirming her husband's medical situation.

Given the above facts, the Court proceeded with the hearing on February 28, 2006, where only plaintiff's counsel attended. At that hearing, the Court denied the motion for a temporary restraining order [#2], but indicated to plaintiff's counsel that he could file for a preliminary injunction. In order to provide more time for defendant to obtain counsel, the Court has entered the following schedule. Plaintiff will file its papers for a preliminary injunction by March 14, 2006. Defendant must answer the complaint and file an opposition to the motion for preliminary injunction by March 31, 2006. There will be no further continuances of this date, and in the event that defendant fails to respond, plaintiff will be entitled to move for a default judgment pursuant to Fed. R. Civ. P. 55. A hearing on the preliminary injunction motion will be held on April 19, 2006 at 9:30 a.m. in Courtroom No. 18.

                                         s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

Date:   February 28, 2006

<u>COPY TO</u>:

Gregory C. Yadley, Esquire
101 East Kennedy Boulevard
Suite 2800
Tampa, Fl 33602-5151