IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS,<br>1 Dupont Circle, Suite 520<br>Washington, DC 20036<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC.<br>5053 Ocean Blvd., Suite 19<br>Sarasota, FL 34242<br><br>    and<br><br>Jean-Noel Prade<br>4619 Higel Avenue<br>Sarasota, FL 34242<br><br>    Defendants. | Civil Action No. 06-0137 |

## MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 65.1, plaintiff American Association of Collegiate Registrars and Admissions Officers ("AACRAO") moves for a preliminary injunction in the form of the proposed order filed with this motion.

The Court's attention is respectfully invited to the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction filed concurrently herewith, which is incorporated herein by reference.

Date: March 14, 2006                    Respectfully submitted,

_____
Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE )<br>  REGISTRARS AND ADMISSIONS )<br>  OFFICERS, )<br>1 Dupont Circle, Suite 520 )<br>Washington, DC 20036 )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>AMERICAN UNIVERSITIES ADMISSION )<br>  PROGRAM, INC. )<br>5053 Ocean Blvd., Suite 19 )<br>Sarasota, FL 34242 )<br>  )<br>  and )<br>  )<br>Jean-Noel Prade )<br>4619 Higel Avenue )<br>Sarasota, FL 34242 )<br>  )<br>  Defendants. )<br>_____ ) | Civil Action No. 06-0137 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**I.    INTRODUCTION**

In direct violation of plaintiff American Association of Collegiate Registrars and Admissions Officers' ("AACRAO") rights, defendants American Universities Admission Program, Inc. ("AUAP") and Jean-Noel Prade ("Prade") (collectively "defendants") are using AACRAO's trademarks without authorization and are falsely representing that AUAP is affiliated with and is a member of AACRAO. Indeed, defendants have no affiliation whatsoever with AACRAO, yet they continue to use AACRAO's marks to try to associate themselves with AACRAO in order to trade on the good will and reputation of AACRAO.

1

The harm to AACRAO is real and present. Defendants are providing evaluations of foreign academic credentials of less than adequate quality in contrast to the thorough and accurate evaluations provided by AACRAO. Moreover, defendants' use of AACRAO's marks and their false representations will mislead academic institutions into believing that AACRAO has reviewed or endorsed AUAP's services. Accordingly, AACRAO respectfully requests this Court grant its request for a preliminary injunction enjoining defendants from using AACRAO's trademarks and falsely representing that AUAP is affiliated with AACRAO.

## II.    FACTUAL BACKGROUND

AACRAO is a non-profit corporation organized in the District of Columbia and is one of the leading trade organizations for the community of higher education admissions and registration professionals. *See* Exhibit 1, Nassirian Affidavit at ¶ 3. AACRAO promotes the advancement of post-secondary education and provides professional development, guidelines and voluntary standards used by higher education officials regarding the best practices in records management, admissions, enrollment management, administrative information technology and student services. *Id.* AACRAO also provides evaluation of foreign academic credentials to universities in the United States so that the universities may determine the legitimacy of the foreign academic credentials. *Id.*

In promotion of its products and services, AACRAO uses in interstate commerce a number of trademarks including:

- AACRAO 1910, and Design (Registration Number 2,081,476)
- AACRAO ENROLLMENT SERVICES (Registration Number 3,009,189)
- AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS (Federal Application Serial Number 78/769,480)

- AACRAO EDGE (Federal Application Serial Number 76/612,526)
- AACRAO

*Id.* at ¶ 4 (hereafter "AACRAO marks"). AACRAO owns all rights and interests in its marks. *Id.*

AACRAO offers yearly, non-voting memberships with its organization to individuals or organizations to allow access to information and services from AACRAO not available to the public. *Id.* at ¶ 5. Members, however, are not allowed to use any of AACRAO's name, trademarks, or logo without written permission from AACRAO nor hold themselves out as being endorsed or affiliated with AACRAO without written permission. *Id.*

On or about June, 2001, AACRAO became aware of defendants' use of AACRAO's federally registered mark, AACRAO 1910, and Design (Registration Number 2,081,476) on AUAP's letterhead. *Id.* at ¶ 9. Though at the time defendants were non-voting members of AACRAO, they were without authority to use the AACRAO marks. Some members mistakenly use the AACRAO marks, but generally comply with AACRAO's membership agreement when advised. *Id.* at ¶ 5. Accordingly, AACRAO began requesting that defendants comply with membership requirements.

On or about July 18, 2001, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP had no authorization to use AACRAO's mark and must cease its use immediately. *Id.* On or about July 23, 2001, Prade responded that although he believed that AUAP was not in violation of its membership agreement with AACRAO, AUAP would cease using the mark. *Id.* at ¶ 10.

On or about October, 2003 AACRAO became aware of defendants' use of AACRAO's marks ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS

and AACRAO on AUAP's letterhead, advertising, and other documents. *Id.* On or about October 14, 2003, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP had no authorization to use AACRAO's marks and that the use of the marks falsely suggested that AUAP's goods and services were approved or authorized by AACRAO. *Id.* at ¶ 11.

On or about June 30, 2005, however, AUAP ceased being a non-voting, corporate member of AACRAO. *Id.* at ¶ 12. For the first time, as explained below, defendants claimed a "right" to use the AACRAO marks and represented that they were affiliated with AACRAO.

AACRAO thereafter became aware of AUAP's continued use of AACRAO's marks on AUAP's letterhead. In particular, on or about September 28, 2005, AACRAO received an evaluation written by AUAP and on AUAP letterhead that shows the words "American Association of Collegiate Registrars and Admissions Officers AACRAO MEMBER" prominently displayed near the top of the evaluation. *Id.*

Furthermore, the evaluation contains discrepancies and incorrect statements. *See* Exhibit 2, Gough Affidavit at ¶ 6. On the first page of the evaluation, AUAP states that the candidate has the equivalent of a Bachelor of Business Administration, but on the second page AUAP states that the candidate has the equivalent of an Associate degree in Business Administration, plus the successful completion of an extra year of high-level undergraduate studies. *Id.* The evaluation also incorrectly states on the second page that the evaluation "follows the recommendations of the National Council on the Evaluation of Foreign Educational Credentials." The National Council, however, has never approved any placement recommendations for the Ivory Coast, the country of origin of the foreign credentials in the evaluation. *Id.*

4

On or about November 3, 2005, AACRAO sent a letter to AUAP, addressed to Prade, stating that it had no authorization to use AACRAO's marks and instructing AUAP to cease and desist from making use of the AACRAO marks and to remove any statements or suggestions that AUAP remains a member of or affiliated with AACRAO. *See* Exhibit 1, Nassirian Affidavit at ¶ 13. On or about December 19, 2005, AACRAO reiterated its demands that AUAP cease and desist from making any use of the AACRAO marks and falsely representing itself as a member of or affiliated with AACRAO. *Id.* at ¶ 14.

On or about December 21, 2005, Prade responded to AACRAO and, for the first time, asserted that AUAP has an affirmative right to continue to hold itself out as a reciprocal member of AACRAO through its affiliation with the European Association for International Education ("EAIE"). *Id.* at ¶ 15.

Contrary to Prade's assertion, AUAP has no right to falsely hold itself out as having any affiliation with AACRAO by virtue of being affiliated with EAIE. AACRAO has reciprocal membership with EAIE itself, which in no way grants membership in each other's association to the members in those organizations. *Id.* at ¶ 16. Moreover, AUAP has never been authorized to use any of AACRAO's marks. *Id.*

On or about January 3, 2006, AACRAO received an evaluation written by AUAP and on AUAP letterhead. *Id.* at ¶ 17. The evaluation shows that defendants continue to use AACRAO's marks as the evaluation uses the words "Reciprocal Member AACRAO" prominently displayed near the top of the evaluation. *Id.* Furthermore, the evaluation AUAP which appeared to be not thoroughly prepared. *See* Exhibit 2, Gough Affidavit at ¶ 7. On its evaluation, AUAP made clear statements as to the validity of the candidate's foreign academic credentials. *Id.* Upon further review of the candidate's claimed foreign credentials, AACRAO concluded that

discrepancies and inconsistencies existed with the credentials and that further documentation was needed. *Id.* Moreover, defendants continue to use AACRAO's marks and falsely represent that AUAP is affiliated with AACRAO on AUAP's website located at www.auap.com. *See* Exhibit 3, pages from AUAP's website printed on or about January 18, 2006.

### III.   ARGUMENT

The Courts of this Circuit traditionally apply the four-part test for the issuance of a preliminary injunction. To demonstrate entitlement to such relief, the movant must show "1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995). "The district court balances the litigant's showings in these four areas in deciding whether to grant an injunction." *CityFed*, 58 F.3d at 746.

A.   **AACRAO Has a Substantial Likelihood of Success on the Merits**

(i)   **AUAP Falsely Advertises Membership in AACRAO In Violation of 15 U.S.C. § 1125(a)(1)(B) ("Section B"), and AACRAO Need Not Show Consumer Confusion to Prevail Under Section B.**

Under Section B of the Lanham Act, a defendant is prohibited from using false statements in their advertisements. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 33 (1st Cir. 2000) ("A plaintiff can succeed on a false advertising claim by proving either than an advertisement is false on its face or that the advertisement is literally true or ambiguous but likely to mislead and confuse.") When an advertisement is false

on its face (literally false), a plaintiff need not prove that the advertisement is misleading to the public or would likely confuse consumers. *See Clorox Co.*, 228 F.3d at 33 ("If the advertisement is literally false, the court may grant relief without considering evidence of consumer reaction."). *See also Rhone-Poulenc Rorer Pharm., Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511, 516 (8th Cir. 1996) ("[C]onsumer confusion need not be proved if advertising is literally false."); J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:55 (4th ed. 2005)("If the ad is clear on its face, there is no need for evidence of how consumers perceive its message or claim.").

In the present case, defendants' actions fall squarely in this category because they use AACRAO's mark to make the literally false claim that they are affiliated with AACRAO, and unabashedly display AACRAO's mark in numerous places on their website and on their evaluations to make this false affiliation.

Defendants further erroneously claim that AUAP is affiliated with AACRAO through its membership in the European Association for International Education ("EAIE"). This Court, however, should not be lead astray with such false claims which defendants have no proof to support. To the contrary, Mr. Barmak Nassirian, the Associate Executive Director, External Relations, attests that defendants have absolutely no affiliation with AACRAO and are neither a member of AACRAO nor a reciprocal member of AACRAO through any affiliation they may have with EAIE. *See* Exhibit 1, Nassirian Affidavit at ¶ 12, 15-16. AACRAO has only an institutional reciprocal membership with EAIE which in no way elevates the members of either association to claim membership in the other association. *Id.* at 16. Thus, defendants' claims are wholly false and have no basis in fact.

Defendants make literally false representations concerning AUAP's affiliation with AACRAO and use AACRAO's mark to bolster such literally false representations. Defendants have no basis on which to defend against their blatantly false advertising and consequently AACRAO is likely to prevail on this count.

### (ii) Defendants Are Liable for Trademark Infringement Under 15 U.S.C. 1125 (a)(1)(A) ("Section A") When They Use AACRAO's Marks to Falsely Represent That They Are Affiliated with AACRAO.

Separate from defendants' liability for false advertising as explained above, defendants are liable for trademark infringement under Section A of the Lanham Act as defendants use AACRAO's marks to falsely represent that they are affiliated with AACRAO, and such false representation is likely to deceive consumers to believe that defendants are associated with AACRAO. Section A provides in pertinent part:

(a)(1) Any person who, on or in connection with any goods or services … *uses in commerce any word, term, name, symbol or device*, or any combination thereof, or any false designation of origin, false or misleading description of fact, or *false or misleading representation of fact*, which –

(A) is likely to cause confusion, or to cause mistake, or *to deceive as to the affiliation, connection, or association* of such person with another person …

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

(Emphasis added).

In order to prevail on this claim, AACRAO must show three requirements: that it owns a valid trademark, that its trademark is distinctive or has acquired a secondary meaning, and that the defendants' use of AACRAO's marks will cause a substantial likelihood of confusion among consumers as to defendants' association with AACRAO. *See Malarkey-Taylor Assoc., Inc. v. Cellular Telecomm. Indus. Ass'n*, 929 F.Supp. 473, 475-76 (D.D.C. 1996); *Partido Revolucionario Dominicano Seccional Metropolitana de Washington-DC, Maryland y Virginia*

*v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 312 F.Supp.2d 1, 13 (D.D.C. 2004)(stating that a court examines the effect of defendant's use of the mark would have on consumers within the relevant product market.) *See also Burger King Corp. v. Majeed*, 805 F.Supp. 994, 1001 (S.D. Fla. 1992)("[I]t is well-established that 'falsely suggesting affiliation with the trademark owner in a manner likely to cause confusion as to the source of sponsorship ... constitutes infringement.'")(citations omitted).

As to the first two requirements, it is not at issue, nor could defendants dispute, that AACRAO owns its marks and that they are distinctive. AACRAO holds federal registrations issued by the United States Patent and Trademark Office ("PTO") for AACRAO 1910, and Design, AACRAO ENROLLMENT SERVICES and has federal applications pending for AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO EDGE. With those registrations and applications for registration, AACRAO affirmatively declared to the PTO that it has continuously used AACRAO and AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS, the very marks at issue in this case, since 1910. Further, the registration of a trademark is prima facie evidence of the plaintiff's exclusive right to use the mark for the services described in the registration statement and that the mark is distinctive of AACRAO's products in commerce. *See American Ass'n for Advancement of Sci. v. Hearst Corp.*, 498 F.Supp. 244, 254 (D.D.C. 1980).

Concerning the third requirement, defendants commit trademark infringement by using AACRAO's marks without permission in a manner that will likely confuse consumers as to defendants association with AACRAO. *See Professional Golfers Ass'n of Am. v. Bankers Life & Casualty Co.*, 514 F.2d 665, 670 (5th Cir. 1975)("[F]alsely suggesting affiliation with the

9

trademark owner in a manner likely to cause confusion as to source or sponsorship constitutes infringement.") ACCRAO makes a strong showing weighing in favor of AACRAO regarding many of the factors used to assess the likelihood of confusion such as the strength of the plaintiff's mark; the degree of similarity between the two marks, the proximity of the products, the defendant's purpose or reciprocal of good faith in adopting its own mark, the quality of defendant's product; and the sophistication of the buyers. *See Malarkey-Taylor,* 929 F.Supp. at 477.

AACRAO has strong marks as it has been using the two marks at issue, AACRAO and AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS since 1910, and the marks have become associated with the quality services and products AACRAO supplies. Defendants use these identical marks, and indeed, defendants simply use AACRAO's marks without authorization on their advertisements, literature, and evaluations. Both parties provide the same services by provide evaluations of foreign credentials, and both parties direct their services to the same channels of trade as both parties services relate to academia and academic institutions. *See Burger King Corp.*, 805 F.Supp. at 1002 ("[T]he greater the similarity between the products and services, the greater the likelihood of confusion.").

Importantly, the defendants' use of the AACRAO mark is completely in bad faith as they are using AACRAO's marks without authorization or justification. In turn, defendants are trying to affiliate themselves with AACRAO, trading off of AACRAO's good name and reputation in the industry. *See Burger King Corp.*, 805 F.Supp. at 1003 (noting that such proof of intentional infringement "is sufficient of itself for this Court to base a finding of likelihood of confusion.").

As attested to by Mr. Gough, the defendants produce evaluations that are inferior in quality, although consumers will not be able to discover this inferior quality until after having purchased such product. Furthermore, the relevant consumers in this market are both students who have foreign credentials that need evaluation and academic personnel at universities and higher education institutions. Thus, the consumers comprise a diverse group, many of whom, particularly students, are unsophisticated and will not be able to discern that AUAP is not affiliated with AACRAO in anyway.

There is a substantial likelihood that AACRAO will prevail on the merits of this case. Defendants have committed trademark infringement by using AACRAO's marks without authorization. Defendants also use AACRAO's marks to falsely represent that they are affiliated with AACRAO when no such affiliation exists. Moreover, AACRAO does not endorse or review any of defendants' products or services. Consequently, defendants' use of AACRAO's marks and false representation of affiliation are wholly without merit.

B.  **AACRAO Will Suffer Irreparable Injury in the Absence of the Requested Injunctive Relief**

AACRAO is suffering irreparable harm from defendants' acts. First, defendants' infringement of AACRAO's marks by itself causes irreparable harm to AACRAO. *See Appleseed Found. Inc. v. Appleseed Inst., Inc.*, 981 F.Supp. 672, 677 (D.D.C. 1997) ("Trademark infringement by its very nature causes irreparable injury.") Secondly, AACRAO's reputation and good will are being damaged by defendants' false representation and false advertising that AUAP is associated with AACRAO in light of the AUAP's evaluations that contain discrepancies and incorrect statements.

11

Defendants will continue to infringe AACRAO's trademarks to falsely represent an affiliation with AACRAO, and indeed, defendants assert that they have a *right* to continue their unauthorized use of AACRAO's marks and to continue their false representations. By allowing defendants' conduct to persist, AACRAO's reputation and good name are harmed as academic institutions will believe that defendants' evaluations of foreign academic credentials are endorsed or reviewed by AACRAO.

Given the strength of plaintiff's position on the merits, even "a relatively slight showing of irreparable injury" is adequate to justify the issuance of a preliminary injunction. As the D.C. Circuit has held,

> [I]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak. An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury.

*CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (citation omitted). Nonetheless, plaintiff's showing of harm here is substantial.

### C. <u>Defendants Will Not Be Burdened if this Court Enjoins Them From Their Unlawful Acts</u>

Defendants cannot be said to be "burdened" by a requirement that they comply with the law. *See Malarkey-Taylor* at 478. ("Moreover, the balance of harms cannot favor a defendant whose injury results from the knowing infringement on the plaintiff's trademark"). Defendants will not be harmed if an injunction is granted because Defendants will still be able to conduct their business and will only be prohibited from unlawful activity, namely from using AACRAO's marks without authorization and from falsely representing that they are affiliated with AACRAO and from disseminating false advertising. *See id.* (noting that an injunction was

12

appropriate because it "would not prevent [defendant] from continuing to provide the service. It would merely require [defendant] to find another way to identify the service").

### D. The Public Interest Favors the Requested Relief

The final criterion for the issuance of a preliminary injunction is clearly satisfied in this case. The public interest is served because defendants should not be permitted to pass off their service as being affiliated with or recognized by AACRAO when AACRAO does not approve or review any of the services or products from defendants and defendants are not members or affiliated with AACRAO. *See Sears, Roebuck & Co. v. Sears Fin. Network*, 576 F.Supp. 857, 865 (D.D.C. 1983) ("It is within the public interest for the Court to take action to prevent public deception and confusion over the source or origin of businesses with which the public deals"). If defendants are allowed to hold themselves out as affiliated with AACRAO, consumers may be misled into purchasing a product or service that does not measure up to AACRAO's high standards.

## IV. CONCLUSION

For the foregoing reasons, AACRAO respectfully requests that this Court grant its motion for a preliminary injunction.

Date: March 14, 2006                                    Respectfully submitted,

                                                        /s/ Christopher P. Murphy
                                                        Christopher P. Murphy
                                                        D.C. Bar # 447130
                                                        John K. Hsu
                                                        D.C. Bar # 474245
                                                        Arent Fox PLLC
                                                        1050 Connecticut Avenue, NW
                                                        Washington, DC 20036
                                                        Telephone: 202-857-6000
                                                        Facsimile: 202-857-6395

                                                        ATTORNEYS FOR PLAINTIFF