## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS, 1 Dupont Circle, Suite 520 Washington, DC 20036 )))))) | |
| Plaintiff, )) | |
| v. ) | Civil Action No. 06-0137 |
| ) | |
| AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. 5053 Ocean Blvd., Suite 19 Sarasota, FL 34242 ))))) | **Jury Trial Demanded** |
| and )) | |
| Jean-Noel Prade 4619 Higel Avenue Sarasota, FL 34242 ))))) | |
| Defendants. )) | |

## FIRST AMENDED COMPLAINT AND APPLICATION FOR A PRELIMINARY INJUNCTION

For its complaint and application for a preliminary injunction against defendants

American Universities Admission Program, Inc. ("AUAP") and Jean-Noel Prade

("Prade") (collectively "defendants"), Plaintiff American Association of Collegiate

Registrars and Admissions Officers ("AACRAO"), by and through its attorneys, states as

follows:

## THE PARTIES

1.    AACRAO is a non-profit corporation organized in the District of Columbia, and has its principal place of business at 1 Dupont Circle, Suite 520, Washington, DC 20036.

2.    AACRAO is a nonprofit, professional association existing since 1910 and is the leading trade organization for the community of higher education admissions and registration professionals.  AACRAO promotes the advancement of post-secondary education and provides professional development, guidelines and voluntary standards used by higher education officials regarding the best practices in records management, admissions, enrollment management, administrative information technology and student services.  AACRAO also provides evaluation of foreign academic credentials to universities in the United States so the universities may determine the legitimacy of the foreign academic credentials.

3.    Upon information and belief, AUAP is a Florida corporation, and has its principal place of business at 5053 Ocean Blvd., Suite 19, Sarasota, FL 34242.  AUAP holds itself out as offering evaluations of foreign academic credentials to students who wish to apply to universities in the United States.

4.    Upon information and belief, Prade is an individual who resides at 4619 Higel Avenue, Sarasota, Florida, 34242 and is the president of AUAP.  Upon information and belief, AUAP is the alter ego of Prade.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) (actions arising under the Trademark Act of 1946,

2

as amended), 28 U.S.C. §1331 (actions arising from laws of the United States), 28 U.S.C.

§ 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (actions

involving claim of unfair competition joined with related trademark law claim), and

supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.    AUAP is subject to the specific personal jurisdiction of this Court

pursuant District of Columbia Code Annotated §13-423(a)(1) and (a)(3) because it

transacts business within the District of Columbia and it caused tortious injury in the

District of Columbia by acts in the District of Columbia. AUAP entered into five

consecutive one-year memberships (from 2000 to 2005) with AACRAO, an entity

organized in the District of Columbia. As fully explained below, AUAP has caused

tortious injury to AACRAO by the unauthorized use of AACRAO's marks and by falsely

representing that AUAP is affiliated with AACRAO. AUAP's unauthorized use of

AACRAO's marks and its false representations occur, among other places, on its

interactive website located at the URL www.auap.com. Through its interactive website,

AUAP offers its products and services to residents in the District of Columbia. For

example, AUAP offers on its website a Coaching and Consulting Program and accepts

submission of credit card information for its $399.00 per program month fee. *See* Exhibit

1. AUAP also advertises on its website that it evaluates academic credentials for

immigration purposes and thus provides services to be used with a federal agency based

in the District of Columbia.

7.    Prade is subject to the personal jurisdiction of this Court because, upon

information and belief, and as explained below, he is the alter ego of AUAP.

3

Accordingly, the acts of AUAP alleged in paragraph 6, subjecting AUAP to the specific personal jurisdiction of this Court, are attributable to Prade.

8.    Upon information and belief, Prade is the alter ego of AUAP. Upon information and belief, AUAP is a closely held corporation with Prade as its sole officer and director. He and a related family member, Elizabeth Prade, are the sole principals of AUAP. Upon information and belief, Prade has used his personal assets for payment of AUAP's debt and thus has co-mingled his funds with AUAP.

9.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c). AUAP is a corporation that is subject to the jurisdiction of this Court as explained in paragraph 6. Defendants' tortious activity harms the reputation and intellectual property of AACRAO, a non-profit organization of the District of Columbia, and thus the violation of AACRAO's property rights and the harm to AACRAO occurs in the District of Columbia. Moreover, many of the relevant records and witnesses involved in this action exist in the District of Columbia.

## BACKGROUND

**A.    AACRAO's Trademarks**

10.    AACRAO has continuously used the trademarks AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO in connection with its services as early as 1910.

11.    AACRAO holds federal registrations issued by the United States Patent and Trademark Office for AACRAO 1910, and Design (Registration Number 2,081,476), AACRAO ENROLLMENT SERVICES (3,009,189) and has filed federal applications for AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND

ADMISSIONS OFFICERS and AACRAO EDGE (Federal Application Serial Numbers 78/769,480 and 76/612,526 respectively). *See* Exhibit 2.

12.    AACRAO owns all rights and interests in the above registered marks, marks pending registrations, and common law marks (collectively "AACRAO trademarks").

13.    AACRAO has expended substantial resources in advertising and promoting the AACRAO trademarks.

14.    AACRAO offers yearly, non-voting memberships with its organization to individuals or organizations upon payment of a membership fee.  Members are allowed access to information and services from AACRAO not available to the public.  Members, however, are not allowed to use AACRAO's name, trademarks, or logo without written permission from AACRAO nor hold themselves out as being endorsed or affiliated with AACRAO without written permission.

**B.    Evaluation and Accreditation Services for Foreign Students**

15.    Many foreign students wish to study at colleges, universities or other comparable higher education organizations in the United States.  To be accepted in such academic institutions, the students with international credentials are often required to submit academic credentials earned from foreign academic institutions along with an evaluation of those credentials, particularly if the foreign academic institution is not sufficiently known to university admission officers in the United States.

16.    Unfortunately, some entities provide false or highly deficient evaluations and thus undermine the evaluation process.  Furthermore, institutions known as "diploma mills" fraudulently produce fake or unsupported academic credentials for foreign

students.  In turn, the unlawful entities further perpetuate the fraudulent actions of the diploma mills and the foreign students by giving credence to their credentials with false or suspect evaluations and accreditations.

## C.    AUAP's Activities

17.    Upon information and belief, AUAP holds itself out as offering evaluation services concerning academic credentials for foreign students to academic institutions in the United States.  AUAP offers its products and services in commerce throughout the United States, including within this District of Columbia, by, *inter alia*, soliciting business through its interactive website located at the URL www.auap.com.

18.    Upon information and belief, admission officers at universities and other higher education institutions have indicated to AACRAO that AUAP's evaluations are of less than acceptable quality.

19.    AUAP advertises on its website that its selection and guaranteed admission program guarantees admission to an American university.

20.    AUAP had a non-voting, corporate membership with AACRAO from July 2000 to June 2005.  During the period when AUAP was a member, however, AUAP had no permission to use AACRAO's name, trademarks, or logo.

21.    On or about June, 2001, AACRAO became aware of AUAP's use of AACRAO's federally registered mark, AACRAO 1910, and Design (Registration Number 2,081,476), on AUAP's letterhead.  AACRAO alerted AUAP of its unauthorized use in an effort to educate one of its non-voting, corporate members of the applicable rules regarding the use of AACRAO's trademarks that apply to members and to bring AACRAO within compliance of its membership agreement with AACRAO.  To that end,

on or about July 18, 2001, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP has no authorization to use AACRAO's mark and must cease its use immediately. *See* Exhibit 3.

22.    On or about July 23, 2001, Prade responded that although he believed that AUAP was not in violation of its membership agreement with AACRAO, AUAP would cease using the mark. *See* Exhibit 4.

23.    On or about October, 2003 AACRAO became aware that AUAP was using AACRAO's marks ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO on its letterhead, advertising, and other documents. On or about October 14, 2003, AACRAO sent a letter to AUAP, addressed to Prade, stating that AUAP had no authorization to use AACRAO's marks and that the use of the marks falsely suggested that AUAP's goods and services were approved or authorized by AACRAO. *See* Exhibit 5.

24.    On or about June 30, 2005, AUAP ceased to be a corporate member of AACRAO for its failure to pay its membership fee. On or about September 2005, AACRAO became aware of AUAP's continued use of the marks ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO and AUAP's false representation that it is a member of AACRAO on its letters and other promotional materials distributed or accessible in commerce throughout the United States. *See* Exhibit 6. AACRAO also was aware that AUAP prominently uses the AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO marks on its website at the URL www.auap.com and represents that AUAP is a member of AACRAO.

25.     On or about November 3, 2005, AACRAO sent a letter to AUAP, addressed to Prade, reiterating that AUAP had no authorization to use AACRAO's marks and instructed AUAP to cease and desist from making use of the AACRAO marks and to remove any statements or suggestions that AUAP is a member of or affiliated with AACRAO. *See* Exhibit 7.

26.     On or about December 19, 2005, AACRAO reiterated its demands that AUAP cease and desist from making use of the AACRAO marks and falsely representing that it is a member of or affiliated with AACRAO. *See* Exhibit 8.

27.     On or about December 21, 2005, contrary to their previous acquiesces to AACRAO's trademark rights, defendants responded to AACRAO's letters and asserted, for the first time, that AUAP has a *right* to use AACRAO's trademarks. *See* Exhibit 9.

28.     On or about January 3, 2006, AACRAO received an evaluation written by AUAP and on AUAP letterhead that shows the words "Reciprocal Member AACRAO" prominently displayed near the top of the evaluation. *See* Exhibit 10.

29.     Upon review by AACRAO, the evaluations produced from AUAP attached at Exhibits 6 and 10 are factually incomplete, contain discrepancies, and are generally carelessly produced.

## COUNT I

### Trademark Infringement in Violation of Federal Law

### [Lanham Act §32(1); 15 U.S.C. §1114(1) (2005)]

30.     AACRAO repeats and realleges paragraphs 1 through 29 as if fully stated herein.

31.    AACRAO owns all rights, title and interest in and to its federally registered trademarks stated above.

32.    Upon information and belief, defendants have willfully infringed AACRAO's registered trademark with the intention of causing confusion, mistake or deception. The goodwill of AACRAO's business under its AACRAO trademark is of great value, and AACRAO will suffer irreparable harm should infringement be allowed to continue to the detriment of its trademark, reputation, and goodwill.

33.    AACRAO has no control over the quality of the products and services offered by defendants. Thus, the value of AACRAO's mark is subject to damage by defendants and affiliated individuals it cannot control. AACRAO's reputation will suffer because admission officers at universities and other institutions of higher education will associate defendants' goods and services as being approved or reviewed by AACRAO when no such endorsement or review has occurred.  This is particularly harmful in view of university admission officers' indication to AACRAO that AUAP's evaluations are of less than acceptable quality and AACRAO has determined that the evaluations are factually incomplete, contain discrepancies, and are generally carelessly produced.

34.    Unless enjoined by this Court from so doing, defendants will continue to engage in acts of infringement of the sort complained of herein, to the irreparable damage and injury of AACRAO.

35.    Defendants' acts of infringement, as alleged herein, have been undertaken with knowledge of AACRAO's exclusive rights to the AACRAO's trademark, entitling AACRAO to an award of treble its actual damages, plus attorneys' fees in bringing and

maintaining this action, pursuant to section 35(b) of the Lanham Act.  15 U.S.C. § 1117(b) (2005).

## COUNT II

### Federal Unfair Competition and False Designation of Origin

### [Lanham Act §43(a); 15 U.S.C. § 1125(a) (2005)]

36.    AACRAO repeats and realleges paragraphs 1 through 35 as if fully stated herein.

37.    AACRAO owns all rights, title and interest in and to the AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO marks.

38.    Defendants AUAP and Prade's use of AACRAO's marks in interstate commerce, including use on the World Wide Web, is likely to deceive customers and prospective customers into believing that defendants' products and services are those of AACRAO, in violation of 15 U.S.C. § 1125(a)(1)(A).

39.    Defendants' actions are likely to deceive the public into believing that defendants have an affiliation, connection, or association with AACRAO, in violation of 15 U.S.C. § 1125(a)(1)(A).  In turn, AACRAO's reputation will be harmed by universities believing that AACRAO has in some way approved or reviewed AUAP's evaluations when AACRAO has not.

40.    Unless enjoined by this Court from so doing, defendants will continue to engage in their acts of false representation and designation as complained of herein, to the irreparable damage and injury of AACRAO.

41.    Defendants' continued false representation and designation is with full knowledge of AACRAO's exclusive rights to the AACRAO marks. Such acts are made in conscious disregard of AACRAO's rights entitling AACRAO to treble its actual damages, plus attorneys' fees in bringing and maintaining this action, pursuant to section 35(b) of the Lanham Act. 15 U.S.C. § 1117(b).

## COUNT III

### Federal False Advertising

### [Lanham Act §43(a); 15 U.S.C. § 1125(a) (2005)]

36.    AACRAO repeats and realleges paragraphs 1 through 35 as if fully stated herein.

37.    AACRAO owns all rights, title and interest in and to the AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO marks.

38.    Defendants AUAP and Prade's use of AACRAO's marks in interstate commerce, including use on the World Wide Web, misrepresents the nature, characteristics and qualities of their services and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(B).

39.    Unless enjoined by this Court from so doing, defendants will continue to engage in their acts of false advertising as complained of herein, to the irreparable damage and injury of AACRAO and the public.

40.    Defendants' continued false advertising is with full knowledge of AACRAO's exclusive rights to the AACRAO marks. Such acts are made in conscious disregard of AACRAO's rights entitling AACRAO to treble its actual damages, plus

attorneys' fees in bringing and maintaining this action, pursuant to section 35(b) of the Lanham Act. 15 U.S.C. § 1117(b).

## COUNT IV

### Common Law Unfair Competition Under

### District of Columbia Common Law

41.    AACRAO repeats and realleges paragraphs 1 through 40 as if fully stated herein.

42.    Defendants' conduct constitutes unfair competition under the common law of the District of Columbia.

43.    As a result of defendants' wrongful conduct, AACRAO has been damaged and will continue to be damaged in an amount to be determined at trial. AACRAO has suffered and continues to suffer immediate and irreparable injury for which it has no adequate remedy at law unless this Court enjoins the wrongful activities of defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, AACRAO prays as follows:

(i)    That the Court enter a preliminary injunction, pending resolution at trial, enjoining defendants, AUAP's officers, agents, employees, servants, privies, successors and assigns, attorneys and representatives, and all persons and organizations in active participation and combination with it, from

(a)    using any of AACRAO's trademarks including AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO or any other name or mark confusingly similar thereto or using any

counterfeit or colorable imitation thereof, or using the name or mark alone or in combination with other words, names, styles, titles or marks in connection with the rendering or the advertising or promotion of related goods or services including (A) on AUAP's website located at the URL www.auap.com; (B) on presentation materials; (C) on evaluation documents; and (D) on business letterhead or facsimile cover sheets;

(b)    falsely representing that defendants have any affiliation with AACRAO including being a member or a reciprocal member of AACRAO or otherwise engaging in deceptive acts and practices in the conduct of their business;

(ii)    That the Court enter a permanent injunction of the of the relief requested in (i) upon resolution at trial;

(iii)    That the Court enter judgment that defendants have committed trademark infringement pursuant 15 U.S.C. § 1114(1); unfair competition and false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1125(a); false advertising under the Lanham Act pursuant to 15 U.S.C. § 1125(a) and unfair competition under District of Columbia common law;

(iv)    That defendants be required to deliver up for destruction any and all advertisements, brochures, promotional materials, evaluations, letterhead, and other written material, and other items in the possession, custody or control of defendants which if advertised, displayed, or transmitted by defendants would violate the injunction herein granted;

(v)    That defendants be ordered to identify immediately in writing, and to produce immediately all documents in their possession identifying all parties sent

promotional materials or evaluations bearing any mark of AACRAO or falsely

advertising their affiliation with AACRAO;

(vi)    That AACRAO be awarded punitive damages in an amount to be

determined at trial;

(vii)    That AACRAO be awarded the damages it has sustained by defendants'

actions, its costs and disbursements in this action;

(viii)    That such damages be trebled pursuant to 15 U.S.C. § 1117(b);

(ix)    That because this is an exceptional case, AACRAO be awarded reasonable

attorney fees pursuant to 15 U.S.C. § 1117(a);

(x)    That AACRAO be awarded such other and further relief as this Court may

deem just and proper.


Date: March 14, 2006                                Respectfully submitted,


Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEY FOR PLAINTIFF**