*Let this be filed ESH 3/17/06*

From AUAP Inc.
Suite 19 5053 Ocean Blvd
Sarasota Fl 342452

To Judge Ellen Segal Huvelle
United states District for the District of Columbia

16-Mar-06

Ref: AACRAO v. AUAP Civil Action 06-0137

**FILED**

MAR 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Your Honor,

We are writing you your honor as we are in a desperate legal situation.

AUAP cannot afford to hire a Washington DC Lawyer. After contacting ten DC lawyers, we discovered that their upfront retainer fees were always equal or superior to US $ 20,000. As of today AUAP inc as just over $ 3000 available and therefore cannot afford a DC lawyer. It is why we petition for a "pro bono per se" lawyer.

We do not want to delay the proceedings anymore as we think that AUAP has a very strong case and that the complaint of AACRAO has the unique goal to destroy a competitor as it has also a credential evaluation service.

If we are allowed to have a legal representation pro bono or if your honor accept that one of our directors may defend and present the evidence we are ready to appear at your hearing anytime.

We have followed your advice of an out of court settlement. The lawyers of the plaintiff, on the motive that any settlement should be presented by a lawyer allowed in federal court did even not reply to our first proposal. Subsequently have to pay $ 2000 to have a Tampa lawyer talking to them on the unique subject of a Court settlement. To compromise we agree on most of the AACRAO requirements but w3e do not accept to pay their lawyer's fees, which were estimated by AACRAO at $ 30,000.

We still believe in the integrity of the American justice system and ask you to find a legal solution for us to present fairly our case,

Respectfully yours,

*[signature]*

For AUAP Inc.
Elizabeth Prade –Thomas
Attached :Motion and Memorandum of points

In the United States District for the District of Columbia

Ref:

American Association of Collegiate Registrars and Admission Officers
Plaintiff

v.

American Universities Admission Program Inc.
Defendant

Civil Action N0 06-0137

## Motion for an pro se appointment from the Civil Pro-Bono Panel

Pursuant to local civil rule 83.11 American Universities Admission Program Inc. a Florida corporation is requesting the appointment of *a pro se* Pro Bono lawyer, We respectfully ask the court to grant leave to proceed in *forma pauperis*.

After contacting ten (10) DC civil lawyers it appears that AUAP cannot pay the requested upfront retainer fees, which generally are over US Dollars $ 20,000. This request is motivated by: The nature and complexity of the action, the potential merit of the Pro-se claim, the potential merit of AUAP prevailing in front of a judge and a jury, the demonstration of the inability of a pro se party to retain a counsel by other means, the degree to which the interest of the justice will be served by the appointment of a counsel. Justice will not be served if any large entity or company can retain a $30,000 lawyer and can sue a competitive individual corporation and destroy it only because the defendant cannot afford a counsel.

The court's attention is respectfully invited to the Memorandum of Points in support of the defendant motion filed concurrently herewith, which is incorporated here in by reference.

March 15, 2006,

Respectfully submitted

For AUAP Inc.

Elizabeth Prade
Member of the board

Memorandum of Points in Support of the defendant motion for the appointment of a pro se appointment from the civil pro-bono panel

1.  Introduction:

AACRAO is a large and rich entity, which is suing one of its members in order to destroy in fact a competitor. Following a conference call, with the Judge two points seems important. The strong desire of the judge to settle out of court and the necessity for AUAP to hire a lawyer in Washington DC. AACRAO did not responded to a first request for a settlement and indicated that it will discuss only with a Lawyer from the DC court. Therefore a local lawyer is essential for the resolution of the case.

2.  Facts:

A)  Despite the grave accident of its President, the board of AUAP has contacted ten DC lawyers to represent the company in its case. They all requested an upfront retainer fees of US Dollars $20,000, due to the complexity of the claim. This figure seems to be in line with the local practice as AACRAO in further discussion with Schumacher requested the payment of USD 30,000 for its attorney fees. The evaluations of AUAP represent sales of annually $80 000 while the total sales in 2005 will be around $ 200,000. At this time and in the foreseeable future AUAP cannot hire a lawyer which request an upfront payment of $20,000.

B)  As of January 15, the balance of the two AUAP bank accounts of shows respectively USD 3541.02 and USD 4430.84. According to AUAP accountant there was no receivables, $2300 of check not cashed and $2000 was due to Schumacher for their tentative out of court settlement. Therefore AUAP Inc. has not the financial possibility to defend itself in its case without a pro se counsel from the pro-bono panel.

3   Merit of this request:
A) AUAP may be naïve but it relies on the protection of the United States Constitution. The VII amendment (part of the bill of right states):

*"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."* The right of a fair trial is negated if a US entity cannot afford a lawyer and therefore will be judge by default. We think that justice is not served if a large organization with deep pockets like Exxon, Enron, the ACLU, ACCRAO or the Klu Klux Klan can easily destroy a competitor such as a minority owned Mom's and pop's company only because they can afford a $ 30,000 lawyer and win without having the argument of the other party heard.. AACRAO is in the awkward position of having itself a Credential Evaluation Service while accepting membership m from other Credential Evaluation services, which are competing with its own service.

B) According to the Civil pro Bono panel such request should be granted according to the following points:

-Merit and complexity of the action: In the view of the motion the number of case cited, its general implication as a law principle, the case is complex and need the expertise of a specialist.

-Potential merits of the Pro-se Claim: The case asks in fact for two questions; Was and is now AUAP an associate Member of AACRAO? And should a member of a non-secret organization have the right to mention its affiliation? It is our opinion sustained by documents written by the AACRAO itself that AUAP was until September 2005 a bona fide member of AUAP and that it is since then through the AEIA a "reciprocal Member of AAACRAO. The second part is even clearer. AUAP does not use any trademark or logo in violation of any federals law but mention its membership status. AUAP intends to prove to the court that as of today more than 100 AACRAO members mention like AUAP, without the written consent of AACRAO, their AACRAO membership status. Many of those AACRAO member include the full registered AACRAO logo. AUAP think that this very selective secrecy of our membership is unconstitutional and discriminatory as AACRAO is not the "Skulls and Bones " secret society from Yale University.

-We demonstrated that the pro se party (AUAP) is unable to retain a counsel. The upfront retainer fee for such a complicated case (according to the lawyers) are around $ 20,000, AUAP has for the moment $ 3671.86 dollars available. See document #1 attached

The court and the justice will be served by the appointment of a counsel of the pro se party. The interest of the justice is fairness and due Process. Justice is not served if any rich\ company or association can sue and because of the lack of money of the defendant definitively silence a small US corporation for the simple reason that it cannot afford lawyers. The court and the jury will also benefit from a counsel, who should prove that a member of an association has the right to mention its membership specially when all other members do so for more than 15 years.

4 Conclusion

For the Foregoing reason. AUAP respectfully request that this court grant its motion for its pro se appointment from the civil pro-bono panel.

For AUAP Inc.
Elizabeth Thomas - Prade

## AFFIDAVIT

I Dr. JN Prade, chairman of the Board of AUAP affirm that to the best of my knowledge, as of March 15 2006, the balance of the two bank accounts of AUAP Inc is at 3,671.86 (three thousand six hundred and seventy one US dollars and 86 cents).

This amount was found after deducting the issued checks and receivables, which were not debited yet.

Due to my physical condition, I was not able to check it manually but relied on Internet balances and accounting documents.

Done this day of March 15, 2006,

Dr. JN Prade
Chairperson of AUAP