UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-0137 (ESH) ) |
| AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Defendant American Universities Admission Program, a Florida corporation, has filed a motion to appear *in forma pauperis* under 28 U.S.C. § 1915 and for appointment of counsel from the Court's Civil Pro Bono Panel.[1] In the alternative, defendant asks to proceed *pro se*. Defendant's motion must be denied. "[O]nly a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). Because defendant is barred from proceeding under the statute, it does not qualify for appointment of counsel from the Court's Pro Bono Panel. *See* Local Civ. R. 83.11(b)(3). As a corporation, defendant is also precluded from appearing in federal court *pro*

---

[1] Defendant's motion was provided to the Court as part of a March 16, 2006 facsimile from Elizabeth Prade, a member of defendant's board. In the future the Court must reject any further mailings unless filed properly with the Clerk, with a copy served on opposing counsel. *See* Local Civ. R. 5.1(a) ("All papers relating to a pending action shall be filed with the Clerk unless otherwise directed by the court."); Local Civ. R. 5.1(b) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing."); Local Civ. R. 5.4(d) (service); Fed. R. Civ. P. 5 (same).

*se*.[2/]  *See, e.g.*, *Rowland*, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) (noting that corporations may not appear *pro se*); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F.Supp.2d 30, 37 (D.D.C. 2004) (same).

Accordingly, it is hereby **ORDERED** that defendant's motion for appointment of counsel is **DENIED**.

s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: March 22, 2006

---

[2]Defendant Jean-Noel Prade, however, is entitled to appear for himself *pro se*.