## SETTLEMENT AGREEMENT AND STIPULATION

This Settlement Agreement and Stipulation (the "Agreement") is entered into by and between American Association of Collegiate Registrars and Admissions Officers, a District of Columbia non-profit corporation including all its past, present and future subsidiaries, affiliates and associated companies and entities ("AACRAO"), American Universities Admission Program, Inc., a Florida corporation including all its past, present and future subsidiaries, affiliates and associated companies and entities ("AUAP"), and Jean-Noel Prade ("Prade"), an individual currently residing in Florida (collectively, the "Parties"). Collectively AUAP and Prade shall be referred to as "Defendants".

## RECITALS AND STIPULATIONS

A.  **WHEREAS**, AACRAO is the owner of trademarks used to identify its goods and services including the marks AACRAO, AACRAO 1910, and Design (Registration Number 2,081,476), AACRAO ENROLLMENT SERVICES (3,009,189), AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO EDGE (Federal Application Serial Numbers 78/769,480 and 76/612,526 respectively) (the "AACRAO marks"); and

B.  **WHEREAS**, Defendants admit that they have falsely claimed affiliation with AACRAO and made unauthorized use of the AACRAO marks in furtherance of such claims of affiliation; and

C.  **WHEREAS**, a dispute has arisen between AACRAO and Defendants regarding Defendants' rights to use the AACRAO marks; and

D.  **WHEREAS**, in relation to that dispute, on or about January 24, 2006, AACRAO initiated a lawsuit (the "Lawsuit") against Defendants seeking, among other things, to permanently enjoin Defendants from using its marks, an accounting and damages. The style of the Lawsuit is *American Association of Collegiate Registrars and Admissions Officers v. American Universities Admissions Program, Inc. and Jean-Noel Prade*, Civil Action No. 06-0137 (ESH) in the United States District Court for the District of Columbia, and all of the pleadings of the Parties in the Lawsuit are incorporated herein by reference for purposes of identifying the Lawsuit and the claims therein; and

E.  **WHEREAS**, AUAP and Prade admit that they are subject to the personal jurisdiction of this Court for all purposes related to the Agreement; and

F.  **WHEREAS**, AUAP and Prade admit that they have violated 15 U.S.C. § 1114(1) by infringing the trademarks of AACRAO; and

G.  **WHEREAS**, AUAP and Prade admit that they have falsely designated their products as affiliated with AACRAO and engaged in unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A); and

H.  **WHEREAS**, AUAP and Prade admit that they have falsely advertised their product as affiliated with AACRAO in violation of 15 U.S.C. § 1125 (a)(1)(B); and

I.  **WHEREAS**, AUAP and Prade admit that they have unfairly competed with AACRAO in violation of the common law of the District of Columbia; and

J.  **WHEREAS**, pursuant to the terms set out below, the parties now desire to resolve their dispute and the Lawsuit, to avoid the cost and uncertainty of further litigation, and to buy peace. This Agreement is a settlement of the Lawsuit and any and all disputed and controverted claims which the parties may have against each other pertaining to the Lawsuit;

**NOW, THEREFORE**, in consideration of the foregoing recitals, the mutual promises and obligations contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, AACRAO, AUAP and Prade agree on a full settlement and release of all claims as follows:

1.  **Resolution of Lawsuit.** Within ten days of execution of this agreement, AACRAO shall seek to resolve the Lawsuit by causing to be prepared and filed any and all documents necessary to resolve the Lawsuit, including but not limited to a Stipulation of Defendants and a Final Consent Judgment and Injunction. AACRAO shall use its best efforts to ensure that the Lawsuit is so resolved as quickly and efficiently as possible.

2.  **Defendants' Responsibilities Under This Agreement.**
    i. Defendants must immediately cease any and all use of any AACRAO mark or marks that are confusingly similar to the AACRAO marks, discontinue any reference to such marks, and cease any suggestion or claim of affiliation with AACRAO.
    ii. Defendants shall be permanently enjoined from any and all use of any AACRAO mark or marks that are confusingly similar to the AACRAO marks, from making any reference to such a mark, or making any suggestion of claim of affiliation with AACRAO.
    iii. Defendants must immediately remove all AACRAO marks or marks that are confusingly similar to the AACRAO marks and all suggestions or claims of affiliation with AACRAO from all publications and advertisements including, but not limited to, stationary, evaluations, and internet web pages under the control of Defendants.
    iv. Defendants must immediately destroy or turnover to AACRAO all unused publications and advertisements, including, but not limited to, stationary, evaluations, and other written documents on which any AACRAO mark or marks that are confusingly similar

to the AACRAO marks, or any other unauthorized reference to, or claimed affiliation with AACRAO was made.

    v. Defendant, AUAP, shall provide AACRAO with a list of all AUAP customers and clients for whom Defendants have prepared reports, including evaluations, containing any AACRAO mark or any reference to affiliation between AUAP and AACRAO according to the following schedule: for such documents prepared in 2005 and 2006, within fifteen days of the entry of this judgment; for all such documents prepared in any proceeding years, within forty-five days of the entry of this judgment. Additionally, Defendants will provide the names of any and all third party recipients of such documents according to the same schedule.

    3. **AACRAO's Responsibilities Under This Agreement.**

    i. Any information provided to AACRAO by Defendants as required under section 2(v) will be treated as highly confidential and used only in connection with the remedial actions described within this Consent Judgment and Injunction. Such information may also be used to enforce this Consent Judgment and Injunction or to otherwise resolve any dispute that arises between the parties. Specifically, AACRAO will make no commercial use of the information so provided.

    ii. AACRAO may send a letter, in the form attached as Exhibit A, to any persons or entities identified by Defendants pursuant to section 2(v). AACRAO will be held harmless for any damage to Defendants' reputations or business that may result from such correspondence.

    4. **AACRAO's Release of Claims Against Defendants.** Except for the obligations created by this Agreement, AACRAO, for itself, its agents, predecessors, successors, assigns, representatives, officers, directors, principals, shareholders, affiliates, subsidiaries, corporations, associations, attorneys, servants and employees, without limitation, hereby releases and forever discharges Defendants, and each of Defendants' parents, affiliates, subsidiaries, predecessors, heirs, successors, assigns, employees, officers, directors, shareholders, partners, attorneys, principals, agents, representatives, and insurers of and from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, liabilities, rights, attorneys' fees, and other claims for relief and causes of action of every kind and nature, at law or in equity, whether now known or unknown, fixed or contingent, liquidated or unliquidated, suspected or unsuspected, foreseen or unforeseen, that are related to the Lawsuit.

    5. **AUAP's Release of Claims Against AACRAO.** Except for the obligations created by this Agreement, AUAP, for itself, its agents, predecessors, successors, assigns, representatives, officers, directors, principals, shareholders, affiliates, subsidiaries, corporations, associations, attorneys, servants and employees, without limitation, hereby releases and forever discharges AACRAO, and each of AACRAO's parents, affiliates, subsidiaries, predecessors, successors in interest, assigns, employees, officers, directors,

shareholders, partners, attorneys, principals, agents, representatives, and insurers of and from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, liabilities, rights, attorneys' fees, and other claims for relief and causes of action of every kind and nature, at law or in equity, whether now known or unknown, fixed or contingent, liquidated or unliquidated, suspected or unsuspected, foreseen or unforeseen, that are related to the Lawsuit.

6. **Prade's Release of Claims Against AACRAO.** Except for the obligations created by this Agreement, Prade, without limitation, hereby releases and forever discharges AACRAO, and each of AACRAO's parents, affiliates, subsidiaries, predecessors, successors in interest, assigns, employees, officers, directors, shareholders, partners, attorneys, principals, agents, representatives, and insurers of and from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, liabilities, rights, attorneys' fees, and other claims for relief and causes of action of every kind and nature, at law or in equity, whether now known or unknown, fixed or contingent, liquidated or unliquidated, suspected or unsuspected, foreseen or unforeseen, that are related to the Lawsuit.

7. A. <u>Successors and Assigns</u>. This Agreement, and the obligations, promises and rights undertaken or contemplated herein, shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

B. <u>Counterparts</u>. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart to the other Party hereto, each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement, which shall be binding and effective as to all Parties hereto.

C. <u>Attorneys' Fees</u>. Except as otherwise referenced herein, each Party shall bear the entirety of its own costs, expenses and attorneys' fees incurred in connection with the Lawsuit or this Agreement. Should any Party fail to comply with its obligations under this Agreement, or if any term or terms of this Agreement are required to be enforced or construed, the other Party may seek relief from a Court to enforce the terms of this Agreement. In the event such relief is sought, reasonable attorneys' fees, costs and expenses shall be awarded to the Party that successfully obtains, or opposes, the relief requested.

D. <u>Waiver and Modification</u>. No modification, amendment or waiver of any of the provisions contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any Party unless made in writing and signed by such Party or by a duly authorized officer or agent of such Party.

E. **Entire Agreement.** This Agreement and the accompanying Consent Judgment and Injunction (including the Stipulation) constitutes the entire, complete and integrated understanding and agreement between the Parties with respect to the subject matter hereof, and this Agreement supersedes all prior negotiations or agreements. Any representations, warranties, promises, or conditions, whether written or oral, not specifically incorporated herein, shall not be binding upon either Party.

F. **Construction.** Each Party hereto acknowledges and warrants that it has been represented by independent counsel of its own choice throughout all negotiations preceding the execution of this Agreement. Each Party has read all portions of this Agreement and had it explained to it by its attorney. Each Party further acknowledges and agrees that its attorneys have had an equal opportunity to participate in the negotiation and preparation of this Agreement, and the terms of this Agreement shall not be interpreted in favor of or against either Party on account of the drafter of the Agreement, but shall be interpreted solely for the purpose of fairly effectuating the expressed intent of the Parties. The paragraph headings are for convenience only and are not part of this Agreement.

G. **Severability.** If any term, provision, covenant or condition of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable, in whole or in part, such decision shall not affect the validity of any remaining portion of the Agreement. In such case, the remaining portion shall stand in full force and effect, and it shall in no way be affected, impaired or invalidated.

H. **Further Assistance.** All Parties agree to execute any and all documents, and to do all acts necessary, convenient or desirable, in the reasonable opinion of counsel for each Party, to effect the provisions of this Agreement, including but not limited to execution of any related motion to dismiss (or similar vehicle) the Lawsuit.

I. **Notice.** Any notices to be given under this Agreement shall be made in writing and delivered by hand, first-class certified mail (return receipt required), facsimile, or other receipted courier, as follows:

|  |  |
|---|---|
| If to Defendants: | Thomas M. Wood<br>Shumaker, Loop & Kendrick, LLP<br>101 East Kennedy Boulevard<br>Bank of America Plaza, Suite 2800<br>Tampa, Florida 33602-5151<br>813.229.1660 (Facsimile) |
| If to AACRAO: | John K. Hsu<br>ARENT FOX PLLC<br>1050 Connecticut Avenue, NW<br>Washington, D.C. 20036 |

202.857.6395 (Facsimile)

  I, the undersigned, hereby certify that I have read this entire Settlement Agreement and Mutual Release, and have had the terms and consequences explained to me by the attorney for the Party on whose behalf I sign. I fully understand the terms and consequences of this Agreement, and therefore I have executed it as of the date set forth by my signature, below. I further certify that I have the capacity and authority to execute this Agreement on behalf of the Party for which I sign.

Dated: 4/12/2006

**AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS**

By: JEROME H. SULLIVAN
Title: EXECUTIVE DIRECTOR

Dated: 4/7/06

**AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC.**

By: Jean-Noel Prade
Title: President

Dated: 4/7/06

**JEAN-NOEL PRADE.**