IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. et. al. )<br>)<br>Defendants. )<br>) | **FILED**<br>APR 18 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civil Action No. 06-0137 |

**FINAL CONSENT JUDGMENT AND INJUNCTION**

Plaintiff American Association of Collegiate Registrars and Admissions Officers ("AACRAO") and defendants American Universities Admission Program, Inc. ("AUAP") and Jean-Noel Prade ("Prade"), having reached a settlement without a trial of any issue of fact or law, as evidenced by the execution of the attached Settlement Agreement and Stipulation, and having agreed to the entry of the attached stipulations and the following order:

It is ORDERED, ADJUDGED and DECREED, as between the parties hereto, that final judgment in favor of the plaintiff and against the defendants is hereby granted and ordered entered as the judgment in this action as follows:

1.   This Court has jurisdiction of the parties hereto and of the subject matter hereof.

2.   AACRAO is the owner of valid trademarks used in interstate commerce which include the marks AACRAO, AACRAO 1910, and Design (Registration Number 2,081,476), AACRAO ENROLLMENT SERVICES (3,009,189), AMERICAN

1

ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS and AACRAO EDGE (Federal Application Serial Numbers 78/769,480 and 76/612,526 respectively) ("AACRAO marks").

3. AUAP and Prade have violated 15 U.S.C. § 1114(1) by infringing the trademarks of AACRAO.

4. AUAP and Prade have falsely designated their products as affiliated with AACRAO and engaged in unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

5. AUAP and Prade have falsely advertised their product as affiliated with AACRAO in violation of 15 U.S.C. § 1125 (a)(1)(B).

6. AUAP and Prade have unfairly competed with AACRAO in violation of the common law of the District of Columbia.

7. As used herein "Defendants" includes Prade, AUAP and any and all of its successors, assigns, parents, subsidiaries, divisions, officers, directors, employees, agents, representatives, related or affiliated entities, any other person or organization acting on its behalf or in active participation and combination with it, any entity established by Prade, whether presently existing or may be established later, or any entity in which Prade is or becomes a principal, officer, or director.

8. Defendants must immediately cease any and all use of any of the AACRAO marks or marks that are confusingly similar to the AACRAO marks, discontinue any reference to such marks, and cease any suggestion or claim of affiliation with AACRAO.

9. Defendants are permanently enjoined from any and all use of any of the AACRAO marks or marks that are confusingly similar to the AACRAO marks, from

making any reference to such marks, or making any suggestion of claim of affiliation with AACRAO.

10. Defendants must immediately remove all AACRAO marks or marks that are confusingly similar to the AACRAO marks and all suggestions or claims of affiliation with AACRAO from all publications and advertisements including, but not limited to, stationary, evaluations, and internet web pages under the control of Defendants.

11. Defendants must immediately destroy or turnover to AACRAO all publications and advertisements, including, but not limited to, stationary, evaluations, and other written documents on which any of the AACRAO marks or marks that are confusingly similar to the AACRAO marks, or any other unauthorized reference to, or claimed affiliation with AACRAO was made.

12. Defendant, AUAP, shall provide AACRAO with a list of all AUAP customers and clients for whom Defendants have prepared reports, including evaluations, containing any AACRAO mark or any reference to affiliation between AUAP and AACRAO according to the following schedule: for such documents prepared in 2005 and 2006, within fifteen days of the entry of this judgment; for all such documents prepared in any proceeding years, within forty-five days of the entry of this judgment. Additionally, Defendants will provide the names of any and all third party recipients of such documents according to the same schedule.

13. Any information provided to AACRAO by Defendants as required under paragraph 11 will be treated as highly confidential and used only in connection with the remedial actions described within this Consent Judgment and Injunction as well as in the Settlement Agreement entered into between the parties, incorporated herein by reference.

Such information may also be used to enforce this Consent Judgment and Injunction or to otherwise resolve any dispute that arises between the parties.

14. The issue with respect to damages, attorney fees, costs, and related relief having been otherwise determined by the parties, no further award is made with respect thereto.

15. No accounting having been ordered, this judgment is made final.

AMERICAN ASSOCIATION OF
COLLEGIATE REGISTRARS &
ADMISSIONS OFFICERS

ARENT FOX PLLC

_____
Christopher P. Murphy
D.C. Bar #447130
John K. Hsu
D.C. Bar # 474245
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Dated: 4/13/06

AMERICAN UNIVERSITIES
ADMISSION PROGRAM, INC.

_____
By: Jean-Noel Prade
Title: President

Sworn To Before Me This 7 day of APRIL, 2006

_____
JEAN-NOEL PRADE

[Notary seal: SUZANNE M. DE CESARE, MY COMMISSION # DD 285940, EXPIRES: March 27, 2008, Bonded Thru Western Surety Company]

_____
JEAN-NOEL PRADE

Sworn To Before Me This 7 day of April, 2006

_____

[Notary seal: SUZANNE M. DE CESARE, MY COMMISSION # DD 285940, EXPIRES: March 27, 2008, Bonded Thru Western Surety Company]

Judgment entered on 4/13/06.

_____
Hon. Ellen Segal Huvelle
United States District Judge