### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 06-0137 |
| AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. et al. ) ) ) ) | |
| Defendants. ) ) | |

### PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' MOTION FOR CIVIL CONTEMPT AND COMPENSATORY RELIEF

Plaintiff the American Association of Collegiate Registrars and Admissions Officers ("AACRAO") moves for the Court to find defendants American Universities Admissions Program, Inc. ("AUAP") and Jean-Noel Prade ("Prade") be held in civil contempt and for the Court to award compensatory relief to AACRAO.

The Court's attention is respectfully invited to the memorandum in support of this motion and the proposed order herewith, which is incorporated herein by reference.

s/John K. Hsu
Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE ) <br> REGISTRARS AND ADMISSIONS ) <br> OFFICERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN UNIVERSITIES ADMISSION ) <br> PROGRAM, INC. et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 06-0137 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF THE AMERICAN**
**ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS**
**OFFICERS' MOTION FOR CIVIL CONTEMPT AND COMPENSATORY RELIEF**

## I.    INTRODUCTION

Defendants the American Universities Admissions Program, Inc. ("AUAP") and

Jean-Noel Prade ("Prade"), the sole officer and director of AUAP, have disregarded the

authority of this Court and the gravity of this litigation by refusing to comply with the

Court's Final Consent Judgment and Injunction (hereinafter "the Court's Order").

Specifically, defendants have violated the Court's Order by:

1. refusing to provide addresses for AUAP customers for whom defendants have
   prepared reports that contained American Association of Collegiate Registrars
   and Admissions Officers' ("AACRAO") marks;
2. refusing to provide the names of all academic institutions that received such
   reports, particularly institutions in the United States; and
3. failing to properly inspect and modify their webpages to remove all marks owned
   by AACRAO.

1

Concerning item one, the Court's Order requires that AUAP "provide AACRAO with a *list* of all AUAP customers and clients for whom Defendants have prepared reports, including evaluations, containing any AACRAO mark." *See* Ex. 1, the Court's Order at ¶ 12. (Emphasis added). Defendants contend that they have met this requirement by providing a mere compilation of names with no other identifying information. This contention, however, ignores that defendants provided the specific language, including the term "list," to the Court's Order and knew such a list would be used by AACRAO to send remedial letters to the customers. Thus, defendants fully understood that the required list needed to contain not only the names of the customers but their addresses as well. Equally important, the Court's Order incorporates by reference the Settlement Agreement between the parties with the exact text of the remedial letter agreed upon by the parties. *Id.* at ¶ 13.

Concerning item two, defendants have fallen far short of the requirement in the Court's Order to provide "the names of any and all third party recipients of" AUAP's reports. *Id.* at ¶ 12. Defendants have not provided the names of any academic institutions in the United States despite AUAP's website disclosing numerous American educational institutions in which AUAP's services aided the admission of a student. In fact, AACRAO is aware of at least two such United States institutions, the College of the Desert in Palm Desert, California and Suffolk University in Massachusetts, which do not appear on the provided disclosure. Furthermore, defendants set forth an incredulous contention that they have no knowledge of third party institutions because they provide the documents only to customers. Such contention does not hold up in light of the claims on AUAP's website.

Even worse, AACRAO believes the names provided by defendants are fraudulent. For example, defendants provide the names of Mongolian institutions that are reproduced *verbatim* from, and in the exact same format as, a list on the internet of the members of the Consortium of Mongolian Universities and Colleges. *See* Ex. 2, a copy of the defendants' provided names and a copy of a webpage located at http://www.cmuc.edu.mn/members.htm.

Concerning item three, defendants have not exercised reasonable diligence to remove AACRAO's marks from AUAP's website despite being reminded by AACRAO of defendants' duty under the Court's Order to "immediately remove all ACCRAO marks … from all publications and advertisements." Ex. 1 at ¶ 10. Defendants flout the Court's Order by giving assurances to AACRAO that it has searched its website to remove the marks, but in reality still display AACRAO's mark on it. Accordingly, AACRAO respectfully requests that this Court grant its motion for civil contempt and compensatory relief.

## II.    BACKGROUND

AACRAO has endeavored in good faith to resolve the present dispute with defendants, but to no avail. This is not surprising as defendants have a history of taking unreasonable and untenable positions. Indeed, this litigation arose from defendants' refusal to cease their unauthorized and completely unjustified use of AACRAO's trademarks to falsely represent AUAP as affiliated with AACRAO.

Before instituting this litigation, AACRAO alerted defendants on two occasions that they had no authorization to use AACRAO's marks and instructed AUAP to cease and desist from making use of the AACRAO marks and falsely representing itself as a

member of, or affiliated with, AACRAO. *See* Ex. 3, letters from John K. Hsu to J.N. Prade dated November 3, 2005 and December 19, 2005. Prade, however, maintained a frivolous position that he had an affirmative right to use AACRAO's marks and to falsely represent that AUAP was a member of AACRAO. *See* Ex. 4, letter from J.N. Prade to John K. Hsu dated December 21, 2005. Consequently, defendants left AACRAO no alternative but to protect its rights through costly litigation that could have been wholly avoided if defendants respected the property rights of AACRAO.

Similarly, AACRAO attempted to resolve the current dispute with defendants, but was met with disingenuous responses. First, defendants provided to AACRAO only a compilation of names of their customers and claimed that it meets the Court's Order to provide a list of their customers. *See* Ex. 5, the compilation provided by defendants. In turn, AACRAO explained to defendants that the compilation of customer names provided by defendants did not meaningfully identify any particular customer for whom AUAP or Dr. Prade prepared reports. *See* Ex. 6, email dated May 16, 2006 from Mr. Hsu to Thomas Wood and Ex. 7, letter dated June 12, 2006 from Mr. Hsu to Mr. Wood. Defendants disingenuously responded that the Court's Order does not require anything more than the compilation of names provided because it uses the term "list" and that AACRAO drafted the Order and presented it on a "take it or leave it" basis. *See* Ex. 8, letter dated June 21, 2006 from Mr. Wood to Mr. Hsu.

Contrary to defendants' contention, defendants negotiated a settlement and even provided the *exact* language, including the term "list," used in both the Court's Order and the Settlement Agreement. Defendants, through their attorney Mr. Wood, specifically outlined terms that would be acceptable and stated that they would "provide *a list* of

AUAP customers/clients for whom AUAP has prepared reports ... containing the AACRAO mark, or any reference to or affiliation between AUAP and AACRAO." *See* Ex. 9, email from Mr. Wood to Mr. Hsu dated March 22, 2006. (Emphasis added). Defendants knew this information would be used to send a notice letter to such customers of such reports as a remedy for the unauthorized use of AACRAO's marks. *Id.* Furthermore, defendants reviewed the notice letter and requested revisions to it. *See* Ex. 10, email from Mr. Wood to Mr. Hsu dated March 30, 2006. Consequently, defendants fully understood that they needed to provide a list that included customer addresses so that AACRAO could send those customers remedial letters. For defendants to now take a different position to the meaning of "list" is nothing more than bad faith.

Secondly, AACRAO stated that defendants had not produced the names of all of the institutions that received AUAP's reports, particularly academic institutions in the United States that defendants themselves list on AUAP's website. *See* Ex. 6 and 7. In response, defendants claimed that they do not know of the recipients of their reports because AUAP provides the reports only to the customers, a claim that directly contradicts their representations on AUAP's website. *See* Ex. 8.

Lastly, AACRAO alerted defendants to the continuing use of AACRAO's mark on AUAP's webpage despite the Court's Order that the defendants "immediately remove all AACRAO marks ... from all publications and advertisements, including, but not limited to, stationary, evaluations, and internet web pages under the control of Defendants." *See* Ex. 1 at ¶ 12. Despite assurances by defendants that "Dr. Prade has again gone over the site to ensure that no further reference to AACRAO exist," even today AUAP uses the mark "AACRAO" on a webpage owned by defendants. *See* Ex. 8;

Ex. 11, a copy of the webpage located at http://www.auap.com/china1.html printed July 13, 2006.

## III.    ARGUMENT

The defendants fully understood their obligations pursuant the Court's Order that they provide information of AUAP's customers and names of institutions that received AUAP's reports to enable AACRAO to send a remedial letter to those customers and institutions. Defendants have fallen fall short of their obligation and indeed, they have not even identified purported customers and institutions listed on their own website. Equally important, defendants continue to use AACRAO's trademark despite the requirement to "immediately cease any and all use of any of the AACRAO marks."

### A.    Defendants Have Violated the Court's Order by Not Identifying AUAP's Customers

#### 1.    Defendants Fully Understood and Agreed To Provide Information Sufficient to Identify AUAP's Customers

The defendants fully understood that they would provide a "list" of their customers that would allow AACRAO to send a remedial letter to ensure the customers were not mislead to believe that AUAP was affiliated with AACRAO. The defendants engaged in settlement negotiations with AACRAO, provided the exact language with the term "list" that that would be used in the parties' Settlement Agreement and the proposed Court Order filed with the Court, and agreed to the use of such a "list" to send remedial letters. *See* Ex. 9.

Thus, the parties agreed upon the language used in the Court's Order and that such Order would provide a remedy for AACRAO to alert defendants' customers to AUAP's false claims of affiliation with AACRAO and rehabilitate AACRAO's good

reputation, the reason AACRAO prosecuted this case. Consequently, it is wholly disingenuous at this stage for defendants' to contend that providing a mere compilation of names is sufficient. Moreover, defendants' contention now shows that they negotiated in bad faith and had no intention to adhere to the substance of their agreement.

Defendants further try to mislead the Court by stating that AACRAO presented the settlement documents on a "take it or leave it" basis. *See* Ex. 8. As shown above, defendants negotiated the terms of the settlement, including the relinquishment of damages claims by AACRAO, and provided the agreed upon language. *See* Ex. 9. Any such "take it or leave it" position by AACRAO addressed further revisions of the terms after the core requirements had been agreed upon by the parties.

>    2.    **The Court's Order Clearly and Specifically Memorializes the Parties'**
>           **Understanding that Defendants Would Provide Information**
>           **Sufficient to Identify AUAP's Customers**

In evaluating this motion, the Court must determine whether the Court's Order clearly and specifically requires defendants to fully identify AUAP's customers beyond just listing a name. *Landmark Legal Found. v. Environmental Protect. Agency*, 272 F.Supp.2d 70, 74 (D.D.C. 2003). The Court makes this determination in light of the circumstances surrounding the entry of the injunction including the relief sought and the mischief that the injunction seeks to prevent. *See Common Cause v. Nuclear Regulatory Comm'n*, 674 F.2d 921, 927 (D.C.Cir. 1982). Thus, the Court may make this determination by going beyond the Court's Order itself to examine other documents including a document that is referenced in its order. *Id. See also Landmark Legal Found.*, 272 F.Supp.2d at 75. Critically, the Court's determination hinges on whether defendants understood their obligation under the order. *See Landmark Legal Found.*, 272

F.Supp.2d at 76 ("The basic inquiry is 'whether the parties subject to the injunctive order understood their obligations under the order.'").

As explained above, defendants negotiated and understood beyond any doubt that "a list of all AUAP customers and clients for whom Defendants have prepared reports" included more than just the names of the customers. The Order specifically states that the list would be used in connection with remedial actions described in the Settlement Agreement, which contains the draft remedial letter, and incorporates the Settlement Agreement by reference. *See* Ex. 12, the Settlement Agreement and Stipulation filed with the Court.

Additionally, the Court's Order states that AUAP must provide the *names* of any third party recipients of the reports in the very same paragraph that requires AUAP to provide a list of its customers. *See* Ex. 1 at ¶ 12. In contrast to providing a list with sufficient information to identify the customers, the defendants understood that they had to provide only the names of the recipients because AACRAO could readily identify an institution from merely the name.

Accordingly, the Court's Order contains the language that defendants clearly and fully understood to mean that defendants were to produce a "list" of their customers with identifying information sufficient for AACRAO to send the remedial letter.

### 3.    Defendants Violated the Court's Order by Not Providing the Necessary Information

Having clearly understood their duties under the Court's Order, defendants fell far short of providing the necessary information. *Landmark Legal Found.*, 272 F.Supp.2d at 77 ("The next step in the contempt inquiry is whether, by clear and convincing evidence, [the defendant] violated the order.") The defendants' compilation, which solely contains

the names of the customers, provides AACRAO no ability to send the remedial letter agreed upon by the parties to settle this dispute. Defendants must provide additional identifying information such as a last known mailing address or an email address.

Moreover, defendants have not even produced a complete compilation of names of their customers. On its website, AUAP touts testimonials from clients alleging that AUAP assisted them in gaining admission to academic institutions. *See* Ex. 13, a copy of the webpage located at http://www.auap.com/welcome _popup.html. However, those names are not found on list provided from AUAP. For example, the website contains a testimonial from "Gerald T" in August of 2006. However, no Gerald T is listed on the customer list.

The Court should not be led astray by any claim by defendants that they do not have more identifying information. Defendants' claim rings hollow considering their bad faith in this and other instances. For example, The World Intellectual Property Organization ("WIPO") found that Prade acted in bad faith to disregard the intellectual property of another. WIPO determined that Prade registered a domain name that was confusingly similar to the "Louis Vuitton®" trademark. *See* Ex. 14, the WIPO Arbitration and Mediation Center Administrative Panel Decision, Case No. D2000-1115. Importantly, WIPO concluded that Prade "registered and used the Domain Name in bad faith." *Id.* at 5. In its decision, WIPO noted that Prade's nefarious actions included:

- Placing the domain name up for auction a day after he registered it;
- Placing a link on his web page to a competing company of Louis Vuitton with the goal to "target specifically the Complainant's business and to lead its (potential) customers to a major competitor's web site;"
- placing very poor content on his web page indicating his lack of interest in the alleged purpose of the web site as a tool to criticize Louis Vuitton.

*Id.*

WIPO concluded that "[i]n view of the Respondent's behaviour, his real and current goal was to bother Complainant speculating on Complainant's irritation and financial means to sell-off the Domain Name at good price." *Id.*

The fact that AUAP prints testimonials on its website from students that have used AUAP's evaluation service shows that they do keep in contact with such customers. Moreover, AUAP would need to know some contact information to receive payment from their customers.

**B.      Defendants Have Violated the Court's Order by Not Providing All of the Names of Third Party Recipients of AUAP's Reports and by Not Removing AACRAO's Trademark from Its Website**

The Court's Order unambiguously states that defendants must provide the names of third party recipients of AUAP's reports, yet defendants have not produced all names. *See* Ex. 1, ¶ 12.  Defendants provided names of institutions that allegedly received AUAP's reports. *See* Ex. 15.  Defendants, however, name only foreign academic institutions. *Id.*  On the other hand, defendants name numerous American institutions in which AUAP's services aided the admission of a student. *See* Ex. 16, a copy of the webpage located at http://www.auap.com.   In fact, AACRAO is aware of at least two such United States institutions, the College of the Desert in Palm Desert, California and Suffolk University in Massachusetts, which do not appear on the provided disclosure. *See* Ex. 17, copies of correspondence from the College of the Desert and Suffolk University.

The Court's Order also unambiguously requires defendants immediately remove all AACRAO trademarks from its web pages. See Ex. 1, ¶ 10.  However, defendants still use the AACRAO mark twice, even after they assured AACRAO that Prade had gone

through the web pages to remove all such marks. It is unfortunately not surprising that defendants continue their course of action in view of their lack of respect for this Court and intellectual property rights generally.

**C.     Compensatory Relief for AACRAO is appropriate**

AACRAO has endeavored to avoid litigation and has used it only due to defendants' unreasonable and unyielding positions. AACRAO, however, has no other way to protect its intellectual property and respectfully requests the Court award compensatory relief consisting of the costs, including attorneys' fees, incurred to bring this motion. *Landmark Legal Foundation*, 272 F.Supp.2d at 76 ("[A] court may order a civil contemnor to compensate the injured party for losses caused by the violation of the court order, and such an award will often consist of reasonable costs (including attorneys' fees) incurred in bringing the civil contempt proceeding.")

**IV.     CONCLUSION**

The defendants have a history of disregarding the intellectual property rights and maintaining untenable positions until required by a judicial proceeding to cease their actions. In turn, AACRAO will not be fully remedied unless the Court grants the relief requested and embodied in the attached proposed order including the compensatory relief of reasonable attorneys' fees and costs for AACRAO bringing this motion for civil contempt. Accordingly, for the foregoing reasons, AACRAO respectfully requests that this Court grant its motion for civil contempt and compensatory relief.

Respectfully submitted,

s/John K. Hsu
Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Sarah L. Clarke, certify that a true and correct copy of the foregoing **Motion for Civil Contempt and Compensatory Relief** along with the memorandum in support of the motion, the proposed order and all exhibits was served this July 17, 2006 via Federal Express on Thomas M. Wood, Shumaker, Loop & Kendrick, LLP, 101 East Kennedy Boulevard, Suite 2800 Tampa, Florida 33602.

s/Sarah L. Clarke

LDR/176592.2                                        13