IN THE UNITED STATES DISTRICT COURT
FOR THE DISCRICT OF COLUMBIA

**RECEIVED**

AUG 0 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AMERICAN ASSOCIATION OF COLLEGIATE
REGISTRARS AND ADMISSIONS OFFICERS

Plaintiff

Civil Action N° 06-0137 *ESH*

AMERICAN UNIVERSITIES ADMISSION
PROGRAM , DR. JEAN-NOEL PRADE & al.

Defendants


DEFENDER DR. JEAN NOEL PRADE, PRESIDENT AUAP (AMERICAN UNIVERSITIES ADMISSION PROGRAM) MOTION <u>TO DISMISS THE MOTION FOR CIVIL CONTEMPT AND COMPENSATORY FILED BY AACRAO</u> (AMERICAN ASSOCIATION OF COLLEGE REGISTRARS AND ADMISSION OFFICERS)
AND
<u>MOTION FOR COMPENSATORY RELIEF</u>

Defendant Dr. Jean-Noël Prade moves for the court to deny, on all points, the motion for civil contempt and compensatory relief filed by the AACRAO.

Dr Jean Noël Prade moves for the court to find the AACRAO liable for compensatory damages of one (1) dollar for filing frivolous lawsuit and punitive damages.

The court attention is respectfully invited to the memorandum in support of this motion, which is incorporated herein by reference.

Dr. Jean-Noel Prade "Per Se"
Chairman
Suite 19, 5053 Ocean Blvd.
Sarasota Fl 34242 USA
Tel 941 346 1427

IN THE UNITED STATES DISTRICT COURT
FOR THE DISCRICT OF COLUMBIA

**RECEIVED**

AMERICAN ASSOCIATION OF COLLEGIATE
REGISTRARS AND ADMISSIONS OFFICERS

AUG 0 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff

Civil Action N° 06-0137

AMERICAN UNIVERSITIES ADMISSION
PROGRAM et al.

Defendants


MEMORANDUM IN SUPPORT OF DEFENDANT DR JEAN –NOEL PRADE
CHAIRMAN OF AMERICAN UNIVERSITIES ADMISSION PROGRAM FOR
DENYING THE MOTION OF CIVIL CONTEMPT AND COMPENSATORY RELIEF
OF AACRAO.


PREAMBLE

The American Association of College Registrars and Admission Officers is a rich and powerful lobbying entity, with a budget over forty millions dollars that is in direct competition with AUAP and Dr. Jean-Noël Prade as it has and promote a commercial department "AACRAO Credential Evaluation Service". (See Exhibits 1 and 2). Dr. JEAN-NOEL PRADE and AUAP were members of AACRAO for 5 years. AUAP is a single person company with no employees that specializes in evaluating foreign degrees and helping international students to enter American Universities. Dr. Jean Noël Prade is a US Citizen of foreign origin, former Judge at the Paris Court (magistrat au conseil des prud'hommes) and holder of several French decorations (ONM and CMA awarded by Presidents Mitterand and Giscard d'Estaing). As neither AUAP nor Dr. Jean-Noël Prade does not have the financial means to hire a District of Columbia lawyer (over $ 20,000

retainer fees requested by eight DC firms) and following the oral recommendations of the judge presiding the case AUAP and Dr. Prade settle with AACRAO. As Dr. Jean- Noël Prade was not formally served and AUAP could not hire a lawyer, AACRAO offered a "<u>take it or leave it</u> " formula (as mentioned by AACRAO'S attorney Hsu to Attorney Wood). The AACRAO has the upper hand due to AUAP's inability to retain a lawyer at that exorbitant fee. AUAP and Dr. Jean-Noel Prade used the service of a local Tampa lawyer Attorney Wood, who is not admitted in the DC court and worked quasi pro-bono. The AACRAO lawyers were advised from the beginning that Attorney Wood was only retained for the settlement period and could not be involved in any formal judicial procedure. On April 18, 2006 a final consent Judgment and Injunction were filed and signed by AACRAO, Dr. Jean-Noël Prade, Prade and AUAP represented by the Chairman Dr. Jean-Noël Prade.

On July 17, 2006, AACRAO filed a motion in the United States District Court for the District of Columbia, which was not served properly to AUAP or Dr. Jean Noël Prade as it was forwarded to Attorney Wood who cannot represent AUAP nor Dr. Jean-Noël Prade in this DC court but while incurring more fees to AUAP. In the interest of justice, Dr. Jean-Noël Prade considers himself served for this motion only in order to benefit the "pro se " procedure.

INTRODUCTION

Contrary to the AACRAO allegations, AUAP and Dr. Jean-Noël Prade have totally satisfied the court order to the letter in timely manner as they have:

1. Removed all mentions of AACRAO marks or former affiliation (as per #8, #9, #10 of the court order). See Exhibits #4, #5, #6. AACRAO mentioned a single /china1.html page which is no more accurate and represents 0.25% of the page views. This page promotes a discontinued program (since 2000). It includes a 10 year old picture of Dr. Jean-Noël Prade. As AUAP and Dr. Jean-Noël Prade have immediately removed the AACRAO mention within 10 minutes showing their bona-fide action to comply fully with the court order.

2. Dr. Jean-Noël Prade and AUAP have in due time despite an imposed rigorous timetable compiled a list of five hundred and seven (507) persons that received documents that are specifically mentioned in #12 of the court order. This court order was written by AACRAO with no possibility of amending. The phrasing is very clear. "Defendant AUAP shall provide AACRAO with a <u>list</u> of all AUAP customers and clients". The court order and any other documents never mentioned anything else such as "address, phone, E-mail etc..." We must point out that AUAP acted promptly and in good faith as they supplemented the original list on May 29 2006 with thirty six (36) additional names that could have been overlooked as AUAP does not keep a list of its customers but keeps only the credential evaluations.

3. Dr. Jean-Noël Prade and AUAP have provided in due time the names of all academic institutions totaling one hundred and twenty three (123) universities that

received documents directly from AUAP and/or Dr. Jean-Noël Prade with the AACRAO reference.

4. Consequently AUAP and Dr. Jean Noël Prade have fulfilled within the delay and in good faith the stipulation of the court order. The motion of AACRAO should be denied and considered frivolous at the very least or as a part of a tool to financially ruin Dr. Jean-Noël Prade and to put AUAP out of business, which is a commercial competitor of AACRAO.

Furthermore a contempt of court, by definition, <u>is a deliberate act where a person knowingly and willingly defies the authority of the court</u>. It is absolutely not the case as Defendants satisfied all the dispositions and in due time to the provisions of the court order. The case is closed and should remain closed as a consent judgment is defined as: "consent judgment n. a judgment issued by a judge based on an agreement between the parties to a lawsuit to settle the matter, aimed at ending the litigation <u>with a judgment that is enforceable</u>."

Considering item one It is obvious that AUAP and Dr. Jean Noël Prade have done due diligence to remove all mentions of AACRAO. We remind the court that AUAP is a one-person operation. The good faith shown by AUAP and Dr. Jean-Noël Prade is obvious as corrections to the non public page in ten minutes, not in the days that were allowed.. To the best of our knowledge we confirm that all the references of AACRAO have been removed satisfying #8,9, 10,11 of the court order.

Considering item 2.

The phrasing of the court order written by the AACRAO lawyer is clear. It says: "Defendant AUAP, shall provide a list of all AUAP customer and clients." It never mentions address, e-mail, phone or fax numbers. Before signing the court order Dr. Jean Noël Prade, who is of foreign ascent checked the meaning of the noun "List." In his Webster's New Encyclopedia Dictionary (ISBN: 0-9637056-01 Edition 1993) page 584 third column, which defines the term list as "List" n: *__a roll, record or catalog of names or objects__*". (See Exhibit # 7). The word list does not mean or imply Adresses, fax or E-mail. He checked also with Mr. Wood who told him that it does not includes addresses Email telephone or faxes numbers. This check and inquiry to a legal professional was warranted as AUAP, a single person company does not keep its client's address list but only the a copy of the evaluations that do not includes addresses. The court should notice that AACRAO did not mention in any other documents or communications before the filing neither date nor requested, "addresses E-mail telephone or faxes" of the AUAP clients. The new request for addresses by ACCRAO came only one month after the court order. The plaintiff, before the filing court order, never mentioned in any document Address e-mail, telephone or fax proving that the assertion of "Contempt" is frivolous. It is difficult to trust that a powerful and respected DC law firm like Arent Fox during the long months of proceedings before the filing had forgotten to ever mention in "addresses, Email or fax".. If it is the case the legal Latin locution should apply *"Nemo Auditur Turpitudinem Suam Allegans"* i.e "You can argue of your own mistakes".

Moreover AUAP and Dr. Jean-Noël Prade signed this agreement knowing that they cannot provide the address of his clients. AUAP is a one-person operation, it keeps only the evaluations without any address of the students as shown in Exhibit #8. AUAP does this because evaluations are usually one timer (immigration or School admission) and **there are no repeat customers**. We provide the court with an up-to date internal document (exhibit #9), which is our only record and does not include the addresses of the people. It is a legal policy, which was and is still in force to save time. The court can appreciate how busy AUAP and Dr. Jean-Noël Prade are considering the number of customers they serve. Consequently AUAP as requested has totally satisfied in good faith the stipulation of the court order in providing a list of customers and clients.

Regarding stipulation #3 AUAP has provided the names of institutions that have been contacted directly by AUAP. The plaintiff used the term "fraudulent", which is untrue. AUAP provided the list of foreign universities that have been directly contacted by AUAP in a marketing effort to promote it's evaluations during the period of the court order. It includes all the universities of Morocco, Mongolia and European countries. The plaintiff is right that we got the names of the Mongolian universities from the Internet. AUAP indeed did use the Internet list to send e-mails promoting its evaluation and Guaranteed Admission program. In the Evaluation Program AUAP, usually, sent the evaluation to the client, who used it at will and may send it to third parties without notifying AUAP. Therefore AUAP was and is not in a

position to know the universities or third parties who received the evaluation indirectly from the client. The plaintiff also refers to a list of AUAP clients who have been admitted into US universities through its Selection + Guaranteed Admission Program. The list is correct but the institutions that accepted Dr. Jean-Noël Prade/AUAP students were in contact not with AUAP but with the student. The court will easily understand that it was a consulting advising job. It was an AUAP policy not to ever mention that the students were counseled and the advising role was done (efficiently) behind the scenes. A US student will never mention their guidance counselor or that an education consultant helped him in correcting the essays or helped him in selecting the university or helped in the writing of letters of recommendation. The same applies even more to international students. Therefore AUAP and Dr. Jean Noël Prade have in good faith fulfilled all the stipulations of the court order.

II Background

Contrary to what AACRAO alleged in its motion AUAP and Dr. Jean-.Noël Prade followed to the letter and in a timely fashion the court order satisfying as documented in the introduction. It acted in good faith in signing documents which were prepared and presented by attorney Hsu to Mr. Wood as a "take it or leave it" offer. As AUAP could not afford a lawyer in DC and Dr. Jean-Noël Prade was not served, they had to avoid a default judgment. The Court Order and other documents were prepared and imposed by AACRAO and we have proved (see supra) that Dr. Jean-.Noël Prade has in good faith satisfied all the conditions. We also want to show to the court that

voluntarily AACRAO misled the court in producing a 6 year old WIPO deliberation not unfavorable to Dr. Jean-Noël Prade for the following reasons:

- WIPO is an arbitration and mediation center, which can be appealed in any lower court in any country. It not a Judicial court and is certainly much a lower level that this court.

- The WIPO decision is not germane to the case as it was about a domain name, which was lampooning Louis Vuiton for no commercial purpose.

- AACRAO was selective in its WIPO decisions as it mentioned a six (6) year old decision and "forgot" to produce a most recent decision (September 23, 2005) WIPO decision # D2005-0701 SC Farmec SA & SICOMED SA vs Jean-Noël Prade (Exhibit # 10), which fully sided in all counts with Dr. Jean Noël Prade. If we follow the argument of AACRAO, the defendant has therefore "<u>a recent history of obeying the intellectual property rights.</u>"

III ARGUMENT

As we do a "Pro se" defense we will respond to the plaintiff's arguments on a point per point basis.

A) Defendants have not violated the Court order by not Identifying AUAP'S Customers.

    1) Defendants fully understand and agree to provide a list of AUAP's customers.

As said in the complaint, in the court order and in various documents presented by the plaintiff only the term "list" was used, which is clearly defined as a list of names in the Webster's dictionary. Prior to the filing of the Consent order that was written by AACRAO's own lawyer with no possibility of modification, AACRAO nor it's lawyer never mentioned the necessity to provide address, E-mail nor fax numbers. The plaintiff cannot produce any document or communication mentioning even the word address prior to the filing of the court order. A consent order / judgment is an important act, which clearly defines the duties of the parties. AACRAO in this motion assumes that AUAP and Dr. Jean-Noël Prade should have guessed what AACRAO and its licensed lawyers might have had in mind while never expressing it.

    2) The Court order clearly ordered Dr. Jean-Noël Prade and AUAP to provide a list of clients and customers.

A)

This list was provided in due time following the exact wording of the court order. Paradoxally and contrary to what the plaintiff says AACRAO was and is more able than AUAP or Dr. Jean Noël Prade as AUAP does not maintain a list of its past clients as it is a one person operation. This capacity to locate the clients of AUAP was proven in the motion as it identified in it's own motion (page 10) two universities which may have received evaluations issued by AUAP; College of the Desert in Palm Desert, California and Suffolk University in Massachusetts. AACRAO, which regroups most US universities, certainly asks its members if they received AACRAO evaluations for their Lawsuit. Apparently AACRAO received responses from its members (12 000 universities

and education companies) and were able to identify two universities that received an AUAP evaluation sent by a third party. AACROA proved that it can identify the former AUAP customers and AUAP cannot as it did and does not maintain a clients list with adresses.

Moreover the settlement Agreement signed by the parties on page 3 of 6   2/v states again " AUAP shall provide AACRAO with a <u>list</u> of all AUAP customers and clients" Nowhere again in this document are mentioned addresses, E-mail, Fax or telephone numbers. In the same document under "AACRAO responsibilities to the agreement" paragraph it is stipulated that " AACRAO may send a letter to the customers **identified** by the defendant." AUAP and Dr. Jean-Noël Prade have correctly identified the customers as the Webster's Dictionary (see supra) defines on page 493 "**Identify**" as: " **To establish the identity of**" (see Exhibit #11).

3. Defendants did not violate the court order and have provided the necessary information.

AUAP and Dr. Jean-Noël Prade provided the requested information defined by the court order which a list of customers. The word list is clearly defined in the English language (see supra). The settlement agreement, not part of the court order, confirms this fact, as it also never mentions any request for Adresses, E-mail, fax or telephone numbers. but the word "list" and the phrase "identified by the defendants". At this stage the lawyer's plaintiff assesses that WIPO (in 2000) found that Jean-Noël Prade acted in bad faith to disregard property of another. Very recently the same WIPO in

September 2005 found exactly the contrary and found that Dr .Jean-Noël Prade respected the intellectual property rights and was entitled to the use of a trademark (Farmec & Sicomed vs Prade). It totally nullifies the phony argument of Dr. jean-Noël Prade's "usual bad faith" argued by AACRAO.

Moreover the plaintiff tried to mislead the court in complaining that a "Gerald T." was not included in the requested list provided by AUAP. As explained before Gerald T. was a subscriber of the AUAP Guaranteed Admission Program and advertised as so. AUAP counseled Gerald T. in selecting the universities, helping him in preparing tests and essays, selecting the letters of recommendation, researching of financial aid, etc..with his admission into a US university. In that program AUAP was only consulting the student and was not in contact with the universities, therefore they are not included as receiving documents with the AACRAO trademark or reference. As with admissions of US students, the help and counseling should be discrete and not public.


B  Defendant did provide the name of third party recipients and removed AACRAO Trademark from its website.


Defendant, in a timely manner names institutions that received documents with the AACRAO reference. AACRAO voluntarily misled the court in writing " Ex.1 Par 12 " <u>Defendants</u> must provide the names of third party recipients of AUAP reports ". While the exact wording of the court order is "<u>Defendant AUAP</u> (**not defendants**) shall provide AACRAO with a list of all AUAP customers and clients for whom

defendants have prepared reports" which clearly involves AUAP and not Dr. Jean-Noël Prade. As stated before, evaluations are sending directly to the customer, which may send it to a third party without advising AUAP. If we follow the curious reasoning of AACRAO, AUAP should guess as to which institution its clients would forward evaluations probably through consulting a crystal ball. Then should relay its psychic results to AACRAO.

We have proved that AUAP has removed all AUAP references from its document email and webpage.

### C Compensatory Relief of $1 for defendant Dr. Jean-Noël Prade is appropriate.

The motion of AACROA is unfounded and frivolous. It caused great financial and emotional harm to Dr. Jean- Noël Prade. It is was also a time consuming ordeal taking a lot of time away. However the intention of Dr. Jean-Noel Prade is not to profit from this incredible ordeal, **seemingly motivated by AACRAO tactics to destroy a competitor**. As a matter of principle Dr. Jean Noël Prade presented a motion for one US dollar for compensation. We must point out that this motion against Dr. Jean Noël Prade is frivolous, unfounded and harmful for the following reasons:

- The motion is based on alleged violations of Paragraph 12 of the court order: It states " Defendant, AUAP shall provide AACRAO with a list of all AUAP customers and Clients". Consequently Dr. Jean Noel Prade could not be sued for this alleged violation as the court order clearly specifies "Defendant (without an

"s"), AUAP. We think that there is a constant jurisprudence, which puts a shield between a company and its major shareholder.

- AUAP and Dr. Jean-Noël Prade complied and fully satisfied the court order in transmitting list of clients, names of universities and removing the AACRAO reference in good faith.

## IV Conclusion

Contrary to what the AACRAO alleged, Dr Jean-Noël Prade and AUAP have totally satisfied the court order provisions and stipulations and should not be held in civil contempt as they executed among other provisions in due time:

- "A list of all AUAP customers and clients for whom defendants have prepared reports, including evaluations, containing any AACRAO mark or any reference or any affiliation between AUAP and AACRAO." (#12 of the court order.)

- " Ceased any use and all use of any of the AACRAO marks that are confusingly similar to the AACRAO marks, discontinued any reference to such marks, and ceased any suggestion or claim of affiliation with AACRAO…" Defendants will provide the names of any and all third party recipients of such documents according to the same schedule" # 8

- "Defendants must immediately remove all mark or marks that are confusingly similar to the AACRAO marks and all suggestions or claim of affiliation with

AACRAO from all publications and advertisements including, but not limited to stationary, evaluations, and Internet web pages under the control of the Defendants.

The alleged history of Dr Jean- Noël Prade disregarding "Intellectual property rights and maintaining untenable position" based on a six year old WIPO decision is false and misleading as very recently (September 23, 2006) Dr.Jean-Noël Prade won a WIPO decision on intellectual property.

We remind the court, as testified by Attorney Wood, that the Final Consent Judgment and injunction and settlement were written by AACRAO and offered as a "take it of leave it" deal. It is obvious that AUAP and Dr. Jean-Noël Prade never acted deliberately to defy the authority of the court, which is legal definition of contempt.

We ask respectfully that the court take a careful look at the "proposed order" of AACRAO as it shows its motivation: To destroy and annihilate Dr. Jean-Noël Prade and AUAP. They are totally unreasonable, outrageous and indicate that justice is definitely not the principal objective of this frivolous motion: Proposed order #2 asks for the name of the AUAP ISP provider in order to disrupt AUAP's lawful unique way of communicating with potential clients. Proposed order #5 asks within ten days to give AUAP copies of all records (probably over 100 000 documents). It simply gives AACRAO access to all the proprietary procedures of AUAP in order to benefit the competitive AACRAO credential evaluation service. This objective is clearly

confirmed by the astonishing proposed Order #6 that simply asks for " Inspection of any computer hard drive... ". The sole purpose of this incredible request is to eliminate AUAP a competitor.

The same applies to the Attorney's fees requested to Dr. Jean-Noël Prade while he should not be a defendant to the plaintiff's motion as he is specifically excluded as per #12 of the court order.

Dr. Jean-Noel Prade "Pro Se"
Chairman AUAP
Suite 19, 5053 Ocean Blvd.
Sarasota Fl 34242 USA
Tel 941 346 1427