IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. et al.,<br><br>    Defendants. | Civil Action No. 06-0137 |

**PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND COMPENSATORY RELIEF**

**I.   INTRODUCTION**

Defendant Jean-Noel Prade ("Prade") filed an opposition to plaintiff the American Association of Collegiate Registrars and Admissions Officers' ("AACRAO") motion for civil contempt and compensatory relief *pro se*. Defendant American Universities Admissions Program, Inc. ("AUAP"), however, has again impermissibly appeared before this Court without counsel, even when the Court previously warned AUAP that it could not represent itself without counsel. *See also Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). Consequently, AUAP has not opposed AACRAO's motion because it did not submit an opposition required by the Court by August 7, 2006. On that basis, AACRAO respectfully requests the Court grant its motion for civil contempt and compensatory relief against AUAP.

LDR/178852.1                                     1

Concerning the opposition filed by Prade,[1] defendants AUAP and Prade claim that they have complied with the Court's Final Consent Judgment and Injunction ("the Court's Order"), but in reality, defendants refuse to fulfill their obligations under the Court's Order and disregard the authority of this Court by:

- Continuing to use the AACRAO marks to falsely affiliate AUAP with AACRAO on AUAP's webpages despite giving assurances to this Court that "AUAP has removed all AUAP [sic AACRAO] references from its document email and webpage";
- Refusing to provide addresses of AUAP's customers and the names of all academic institutions that received AUAP's reports; and
- Maintaining that the term "list" in the Court's Order means that defendants need to provide only a mere compilation of names of AUAP's customers despite defendants' understanding that they are to provide information sufficient to identify AUAP's customers.
- Attempting to deceive both AACRAO and the Court by providing a compilation of fraudulent names of institutions that allegedly received AUAP reports, names that were taken directly and *verbatim* from, for example, a Consortium of Mongolian Universities and Colleges webpage.

Likewise, defendants cannot be trusted to comply with the Court's Order based on their actions and material mischaracterizations. Defendants claim that do not have any other identifying information of their customers even if required to produce it. Such claims, however, are not consistent with defendants' actions and statements. Indeed, defendants' standard practice includes receiving address and credit card information from their customers. Defendants also claim that they have produced all the names of third party recipients of AUAP's reports, yet their "good faith effort" consisted of generating the names by copying them *verbatim* from the webpages of others. Equally important, defendants rely on material mischaracterizations that show their willingness to deceive the Court.

---

[1] Defendants' opposition is titled "Defender Dr. Jean Noel Prade, President AUAP Motion to Dismiss the Motion for Civil Contempt and Compensatory [sic] Filed by AACRAO and Motion for Compensatory Relief."

Lastly, defendants cannot claim that they have suffered "great financial and emotional harm" when any such alleged harm is from their own unjustified refusal to comply with the Court's Order. Accordingly, ACCRAO respectfully requests that this Court grant its motion for civil contempt and compensatory relief and deny defendants' request for $1.00.

## II. DEFENDANTS HAVE NOT COMPLIED WITH THE COURT'S ORDER

### A. Defendants Continue to Use AACRAO's Trademark on AUAP's Websites

Defendants' flout this Court's Order by giving hollow assurances to the Court that they have removed AACRAO's trademarks from AUAP's websites when the marks still remain on at least five webpages despite being alerted on two separate occasions to remove AACRAO's marks. *See* Ex. A-E to this reply, printed August 14, 2006. Consequently, defendants show their disregard for the Court and AACRAO with such lack of candor and due diligence to remove AACRAO's marks.

By way of background, on April 13, 2006, the Court ordered defendants to *immediately* cease all use AACRAO marks, cease any suggestion or claim of affiliation with AACRAO, and remove all of AACRAO's marks from their publications and advertisements. *See* Ex. 1 of AACRAO's underlying motion for civil contempt ("contempt motion"), the Court's Order at ¶¶ 8, 10. Instead, defendants continued to use AACRAO's marks on its websites, and when alerted by AACRAO of this fact, defendants claimed to have reviewed AUAP's websites and represented that no other reference to AACRAO existed on them. *See* Ex. 8 of the contempt motion, letter dated June 21, 2006 from Mr. Wood to Mr. Hsu ("As a courtesy to AACRAO, Dr. Prade has again gone over the site to ensure that no further reference to AACRAO exist, and believes that he has fully complied."). Not surprisingly, defendants still had AACRAO's mark

on AUAP's webpages, and AACRAO moved this Court for a civil contempt order to enforce compliance.

Yet again, defendants give assurances in their opposition to this motion that they have reviewed their advertisements and removed any of AACRAO's marks or any reference to AACRAO, but their representations are simply false. *See* defendants' opposition at 12 ("AUAP has removed all AUAP [sic AACRAO] references from its document email and webpage.") AACRAO has discovered at least five separate AUAP websites with the unauthorized use of AACRAO's name to show a false affiliation between AUAP and AACRAO. *See* Ex. A-E to this reply. Defendants simply refuse to comply with the Court's Order; their assurances to this Court and AACRAO are belied by these webpages.

**B.  Defendants Fully Understood That the Court's Order Required That They Provide Information Sufficient to Identify AUAP's Customers**

Defendants have not complied with the Court's Order to provide a "list" of AUAP's customers by producing a mere compilation of names without any other identifying information. Although defendants contend that the term "list" requires only names of such customers, defendants cannot address the fact that *they* provided the exact language of the Court's Order and fully understood that the "list" provided by defendants would be used to send notice letters to the customers on the list as a remedy for the defendants' unauthorized use of AACRAO's marks as explained in AACRAO's memorandum in support of its motion. Defendants only highlight their bad faith by claiming now that they now have no idea that a "list" required information to sufficiently identify a unique individual when the undisputed facts show otherwise. *See* defendants' opposition at 5.

As the Settlement Agreement referenced in the Court's Order states that AACRAO may send the notice letters to "customers identified by the defendant," defendants submit a definition

of "identify" in their opposition and state that they have correctly identified their customers by providing only the name. The definition of "identify," however, supports AACRAO's position because it would be virtually impossible for AACRAO to "establish the identity of" one of AUAP's customers from the entire population of the world with only a name and no other information.

Defendants also mislead the Court by stating that AACRAO offered the Court's Order and Settlement Agreement as a "take it or leave it" deal.[2] *See* defendants' opposition at 14. Any such "take it or leave it" position by AACRAO was adopted *after* the parties agreed to the terms of the agreement and *after* defendants provided the language of the agreement, including the term "list." In reality, this argument is merely a red-herring by using statements taken out of context. The settlement discussions with defendants' counsel occurred at a time when the deadline for responding to AACRAO's motion for a preliminary injunction was looming. AACRAO took the position to make it clear that time was running out and that defendants needed to take the necessary steps to complete the settlement agreement or file their opposition to AACRAO's then pending motion.

Likewise, defendants have not complied with the Court's Order to provide names of institutions that have received AUAP's reports. For example, defendants name several American institutions on AUAP's website asserting that AUAP aided the admission of a student at those institutions, yet defendants did not provide the name of any of those institutions to AACRAO. When faced with this fact, defendants defend themselves by contending that they did not help any of those students with AUAP's foreign evaluation services. As an initial matter, the defense is of no moment because defendants admit that they still corresponded with those students, and

---

[2] Defendants also falsely state that their attorney, Mr. Thomas Wood, testified to such a fact. Mr. Wood has never submitted any testimony before this Court.

defendants must have sent documents from AUAP with AACRAO's marks and logos as defendants used AACRAO's marks throughout their documents. Indeed, AACRAO instituted this lawsuit to stop defendants' practice of using AACRAO's marks. Second, it is implausible that defendants did not provide any foreign evaluation services to those students because all of the students listed are from foreign countries. *See* Ex. 13 of the contempt motion.

### III. DEFENDANTS CANNOT BE TRUSTED TO COMPLY WITH THE COURT'S ORDER WITHOUT COURT INTERVENTION

#### A. **Defendants' claims of lack of information is not consistent with their actions**

Defendants claim to not have addresses for their customers, but such claims are inconsistent with their actions and statements. Defendants undeniably receive detailed information from both its international and US customers, including credit card information and addresses. See Ex. F, application printout from AUAP's website. It is impossible to imagine that defendants could agree to provide a service without verifying credit card and address information. Moreover, defendants admit that they send their reports and evaluations to their customers which necessarily means they need to have an address, conventional or electronic, for such correspondence. It is simply absurd for defendants to claim that they do not have the addresses of their customers that defendants necessarily need to complete their business transactions.

To support their claim that they do not have the addresses of AUAP's customers, defendants submit in their opposition an alleged record of AUAP's customers. The record has identifying information such as the name, country of origin, amount owed, and due dates. Conveniently, the record does not have addresses, the one piece of information at issue.

Defendants' record is too convenient, and quite simply, it is implausible that defendants would collect and maintain this information but not address information.

Similarly, defendants claim that they have provided the names of academic institutions that received documents from AUAP. In the place of providing the actual names of the institutions that has received AUAP's documents, defendants purport to comply with the Court's Order by admitting that they copied *verbatim* information from websites, even from the Consortium of Mongolian Universities and Colleges, without even making a good faith effort to provide a correct compilation of names. Defendants copied list contains such generic institutions as "Police Academy" and Academy of Management." *See* Ex. 2 of the contempt motion. It was by chance that counsel for AACRAO discovered such a fraudulent submission by defendants. When caught with copying a webpage from Mongolia, defendants want the Court to believe that they sent their reports to the *identical* institutions on the Consortium of Mongolian Universities and Colleges. Such cannot be the case, and it is unbelievable that defendants think that such an argument could work.

### B. Defendants Rely on Material Mischaracterizations that Show Their Willingness to Deceive the Court

In its opposition, defendants rely on material mischaracterizations that show their willingness to deceive the Court in a desperate attempt to extricate them from a problem of their own doing. The following points are examples of such false and misleading statements.[3]

- A 2005 WIPO decision found that Prade respected the intellectual property rights and that that Prade has "a recent history of obeying the intellectual property rights." Defendants' opposition at 8.

---

[3] Prade also claims that he is the holder of several French decorations including the "ONM and CMA awarded by Presidents Mitterand and Giscard D'Estaing." *See* defendants' opposition at 1. AACRAO can find no record of Prade being awarded the Ordre National du Merite (ONM) and cannot find any evidence of a French award with the initials "CMA."

LDR/178852.1                              7

In the 2005 decision WIPO did not hold that Prade respected the intellectual property rights of others. To the contrary, WIPO was troubled by Prade's false representations to the Panel stating that "the facts of this dispute are not exactly as [Prade] represents." *See* defendants' Exhibit 10, the 2005 WIPO decision at 6. In the case, WIPO investigated Prade's use of the trademark GEROVITAL on his website to sell products. WIPO specifically noted their "concerns about some aspects of [Prade's] conduct (particularly the offering for sale of products other than GEROVITAL products on its websites, and representing to the Panel that it was not doing so.)" *Id.* Furthermore, defendants cannot dispute that in 2000 WIPO found that Prade acted in bad faith to disregard the intellectual property rights of another as explained in the underlying motion.

- AACRAO filed its motion to "destroy" a competitor because AACRAO offers evaluation services. *See* defendants' opposition at 14.

To the contrary, AACRAO welcomes legitimate credential evaluation companies and counts at least sixteen of them as its members. *See* Ex. G, affidavit of Barmak Nassirian. Such companies respect AACRAO's intellectual property rights and adhere to AACRAO's policies regarding the use of AACRAO's marks. On the other hand, AACRAO filed its motion for civil contempt in order to protect its reputation and good name from defendants who produce evaluations of suspect quality and at the same time try to use AACRAO's name and good reputation to bolster their operations. As explained in an article of *Inside Higher Ed*, a trade publication for the higher education community, it is necessary for AACRAO to protect its name from defendants' activities:

> Alan Contreras, who heads the State of Oregon's Office of Degree Authorization and is a national watchdog on diploma mills, connects the dots more directly. He asserts that Prade, the owner of AUAP, also owns a series of "faux French degree suppliers that use variants on the name 'Robert de Sorbon.' To add credibility to

> the degrees issued by those institutions (which Oregon, among other states, declines to recognize), Contreras asserts, "an 'evaluation service' magically appeared that made itself look like it was AACRAO-related. It did this because AACRAO is one of the best known 'names' in the international degree evaluation business. "The net effect of this," Contreras added, "is that AACRAO's name is being used to promote foreign diploma mills, and AACRAO quite rightly objects to having its reputation trashed."

See Ex. H, Doug Lederman, *Registrars' Group Takes on Diploma Mills*, Inside Higher Ed, 2006, available at http://www.insidehighered.com/layout/set/print/news/2006/02/10/aacrao. Accordingly, AACRAO must seek Court intervention to hold defendants to their duties under the Court's Order.

- AACRAO has a budget over forty million dollars. *See* defendants' opposition at 1.

AACRAO is a non-profit organization which had total revenues of $6.0 million for the most recent fiscal year, far smaller than forty million dollars claimed by defendants. *See* Ex. F, affidavit of Mr. Nassirian. Defendants simply fabricated their number, and as AACRAO is a non-profit organization, defendants could have easily obtained the information in the public record but chose to make a false representation instead.

## III. CONCLUSION

The foregoing demonstrates that defendants have not taken this matter seriously and have not complied with and cannot be trusted to comply with the Court's Order. Consequently, AACRAO respectfully requests that this Court grant its motion for civil contempt and compensatory relief.

Respectfully submitted,

s/John K. Hsu
Christopher P. Murphy
D.C. Bar # 447130
John K. Hsu
D.C. Bar # 474245
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202-857-6000
Facsimile: 202-857-6395

**ATTORNEYS FOR PLAINTIFF AACRAO**

## CERTIFICATE OF SERVICE

I, Sarah L. Clarke, certify that a true and correct copy of the foregoing **Reply to Defendants' Opposition to Plaintiff's Motion for Civil Contempt and Compensatory Relief** along with all exhibits was served this August 15, 2006 via Federal Express on Gregory C. Yadley, Shumaker, Loop & Kendrick, LLP, 101 East Kennedy Boulevard, Suite 2800 Tampa, Florida 33602 and Jean-Noel Prade, 4619 Higel Avenue, Sarasota, FL 34242.

s/Sarah L. Clarke