IN THE UNITED STATES DISTRICT COURT
FOR THE DISCRICT OF COLUMBIA

AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS

Plaintiff

Civil Action N° 06-0137

AMERICAN UNIVERSITIES ADMISSION PROGRAM et al.

Defendants

ADDITIONAL MEMORANDUM IN SUPPORT OF DEFENDANT DR JEAN –NOEL PRADE CHAIRMAN OF AMERICAN UNIVERSITIES ADMISSION PROGRAM FOR DENYING THE MOTION OF CIVIL CONTEMPT AND COMPENSATORY RELIEF OF AACRAO.

1) INTRODUCTION

In its reply to Defendant opposition the plaintiff AACRAO has introduced new documents and allegations, which were not mentioned or stated in the Plaintiff's motion or in the defendant's response. Therefore the defendants Dr. Jean–Noël Prade and AUAP will respond point per point to those novelties introduced in the plaintiff reply in order to give the court a balanced view of the facts.

1) The Plaintiff cites three programs that are discontinued for a long time (see "New" 2003 Classification). Within five minutes of receiving the complaint AUAP and Dr. Jean-Noël Prade have immediately complied proving their good faith. (See exhibit #1 to # 6). We remind the court that AUAP has no employees.

The court may appreciate in Exhibit # 7 that AUAP is run from a single desk. The Defendants proved that immediately it has removed all AACRAO mentions to the existing pages. For the non-active pages it has immediately removed the AACRAO reference proving its good faith a very important factor in determining the contempt.

2) Plaintiff acknowledges de facto that the Webster's dictionary definition of list "***a roll, record or catalog of names or objects***" is correct. It now implies that while the word identify does not imply addresses fax or E-mail, the notion "establish the identity of" implies addresses fax or email. Once again the same Webster's dictionary defines the word identity as not related in any way to addresses, E-mail, Fax, etc.... but as "2: the distinguishing character or personality of an individual" Interestingly according to the same source, the etymology of this word comes from the French word "identité" which means giving "First Name & Name." We repeat that AUAP is a one-person operation and does not keep the addresses of the people who order evaluations. Paradoxically AACRAO, as it has done with at least two students, can more easily through its university members find the addresses of the students than AUAP can. It is probably why the term "may" was employed in the settlement.

3) Defendants have more than complied with the court order as they provided a list of foreign universities that have received, not a report from AUAP, but a general marketing E-mail for the AUAP Credential Service, which included the mention of an AACRAO membership.

4) The plaintiff and its attorney voluntarily and knowingly misled the court as on page 4 of their response they wrote "defendants cannot address the fact that ***they*** (in Italics) provided the exact language of the court order" and on page 5 "after defendants provided the language of agreement". This reasoning is illogical and totally false. If thee Defendants provided the language they obviously did not mean providing addresses fax or E-mail, as they do not have it. It is false as stated in the recent E-mail by Attorney Wood, an officer of the federal court of the mid District of Florida (Tampa) who wrote: "*it is certainly a mis-statement by Hsu to say that we "Provided the Exact language of the court order as they did all the drafting of the settlement documents, including the Order ultimately entered by the court*". (Exhibit # 8) The answer to the question as to why a Ph.D. holder of a reputable DC law firm is caught lying so stupidly to the court? Could it be that AACRAO will use every dirty trick on the book to destroy a competitor?

5) The plaintiff's reply assumes that it is "implausible" that AUAP did not provide any foreign evaluation Service to the students engaged in the AUAP selection service. In addition to the fact that the students were dealing directly with the institutions without the intermediary of AUAP, we must point out that most of the SELECTION and GUARANTEED ADMISSION PROGRAM AUAP students (90%) were applying to LL.M-Master of Law programs. It happens that most LLM programs such as Yale University and American University in DC (Exhibits # 9 and 10) require that <u>the Foreign Credential evaluations must be done by the</u>

<u>LSAT organization, not by AUAP or AACRAO.</u> Therefore it is obvious and plausible that AUAP did not provide the evaluations to the overwhelming majority of its students engaged in the Selection and Guaranteed Admission Program. For the remaining students (3 or 4 per year) AUAP does and cannot know if the student provided an AUAP evaluation to the university he applied to. AUAP has the addresses of the students of its SELECTION and GUARANTEED ADMISSION PROGRAM as it was and is by essence a long-term relationship contrary to the classic foreign credential evaluation service, which is 99% of the time, a one time relationship.

6) The plaintiff misled the court in stating "It is impossible to imagine that the defendant could agree to provide a service without verifying credit card and address information" It is totally false as the credit card payment of evaluation is done by a third party, Paypal. AUAP never verifies such information as it is done by Paypal which is acting as agent. AUAP never process the credit cards. Paypal never gives any credit card information to its clients. Paypal simply sends a short communication mentioning the order. When its received AUAP (i.e. Dr. Jean-Noël Prade) writes the name and address on a post it note. The Paypal message is then erased. The evaluation made and the envelope is hand written (this is proven by the lack of address on the evaluation). After that, AUAP tries to keep the evaluations in the computer; several clients complained that they did not keep copies of the evaluations because of human error, virus, and hurricane power



failures. The hand written post it notes are discarded after the evaluations are made.

7) Very curiously AACRAO's n esteemed Lawyer, after "forgetting" to mention a very recent (September 2005) WIPO case, asserting the rights of Dr. Jean- Noel Prade, tries to twist the truth to pursue his vendetta against the defendant. We remind the court that this favorable decision for Dr. Jean-Noël Prade concerned not one but two intellectual property disputes. The WIPO Case No. D2005-0701 finds that "**To the contrary, the Respondent (Dr. Jean-Noël Prade) has shown that it has contractual rights to the disputed domain names**", which proved that very recently Dr. Jean-Noël Prade respected the intellectual property rights of others. The plaintiff had open the door in mentioning a six year old decision but was caught by a 2005 decision by the same arbitration entity. It is confirmed by the fact that defendants (such as Dr. Jean-Noël Prade in the 2005 case) wins only 19% of the case as mentioned in the WIPO pages.

8) In a footnote of "false and Misleading statements " the plaintiff in his desperate attempt to destroy the reputation of a US citizen and former Judge at the Paris Court, states "AACRAO can find no record of Prade being awarded the Order National du Mérite and can not find any evidence of a French award with the initial s "CMA". Please find the photography of such awards (in French "décoration") given by the French government (exhibit # 11 and #12). The court could verify that CMA means Chevalier du Mérite Agricole.



9) The AACRAO mentions that it has as member sixteen evaluation services. This number is diminishing each year thanks to a concerted action to exclude the real competitors like AUAP and the SpanTran Company. We must also notice that AACRAO is and was discriminating against AUAP as several members mention their AACRAO affiliation are not being sued by AACRAO contrary to AUAP. (See exhibit# 13)

10) AACRAO is introducing an article from a small publication, which is absolutely not germane to the case as:

- This article is dated February 10, 2006, which is anterior to the court order.
- It is an interview from a well-known supporter of AACRAO and in fact the person who initiated de facto the AACRAO lawsuit.
- The same person assumes that Dr. Jean-Noël Prade owns a French institution, which is totally false as this institution is an association (Loi de 1901) where there is no "owner" and each member of the association by law owns one share one vote.
- The institution is not a "faux French degree supplier" as it is a registered French institution of Higher Education under the # 0862003720, which is allowed to issue degrees as per article L 731 of the French code of education.



Conclusion

It is evident that the additional documents and allegations presented by the plaintiff in their response do not imply or sustain the motion for civil contempt and compensatory relief. It does not prove that AUAP and Dr. Jean-Noël Prade did not comply with the court order nor establish the alleged bad faith that are the two necessary elements to establish the contempt. To the contrary by not responding the AACRAO acknowledges that:

- It never requested, mentioned or can produce any document, conversation or communication requesting during the settlement phase the Address, Phone number or Email of AUAP clients, which have received reports from AUAP.

- AACRAO voluntarily grossly and constantly misled the court order in their initial Complaint by stating on page 1 "Defendants (*with an s*) violated the court order by refusing to provide addresses." and on page 7 of the initial motion as a title "The court Order Clearly and Specifically (sic) Memorializes the parties Understanding that Defendants (*with an s*) would provide Information Sufficient to identify AUAP's customers," while the court order as presented by the plaintiff states "Defendant (without an s), AUAP …" which clearly does not involved Dr. Jean-Noël Prade . Therefore Dr. Jean-Noël Prade should not be named as a defendant of this complaint, which is in fact based on the first part of section 12 of the court order.

Respectfully,



Dr. Jean-Noel Prade "Pro Se"
Chairman AUAP Inc.
Suite 19, 5053 Ocean Blvd.
Sarasota Fl 34242 USA
Tel 941 346 1427

