IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. et al.,<br><br>　　　Defendants. | Civil Action No. 06-0137 |

**PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' STATEMENT OF DEFENDANTS' CONTINUED NON-COMPLIANCE WITH CONSENT JUDGMENT AND INJUNCTION**

## I.　INTRODUCTION

By its October 27, 2006 Order, the "Court conclude[d] by clear and convincing evidence that Defendant Prade [was] in violation of all the Injunction." The Court, however, deferred entering default against AUAP and instead granted the corporation one final opportunity to appear through counsel and deferred sanctioning Prade and instead granted him one final opportunity to fully comply with all of the requirements of this Court's Injunction. Unfortunately, while AUAP has finally appeared through counsel, the defendants have yet again failed to comply with the Injunction.

　　　In what is now an unfortunate reprise of his past bad faith, Prade has again tried to push the envelope of compliance seeking to avoid fully complying with the Injunction. The Court ordered Prade to provide addresses for the individuals listed in Exhibit 5 of plaintiff's Motion for Civil Contempt, but Prade has only provided addresses for 38 of the over 500 named listed in

LDR/189036.1

1

Exhibit 5. The Court also ordered Prade to identify all academic, governmental and corporate institutions, but many institutions, like Berkeley and Cardozo School of Law, that were not identified are proudly identified in AUAP's website. Finally, the Court ordered Prade to produce for inspection "any computer hard drive" used in connection with any document referring or relating to plaintiff's trademarks, but Prade has refused to produce all of the computers used in his business.

For these reasons and as explained in more detail below, plaintiff renews its motion for civil contempt and sanctions.

## II.     PRADE HAS STILL FAILED TO PROVIDE ADDRESSES OF HIS CLIENTS

As discussed, the Court ordered Prade to provide addresses for all of the individuals listed in Exhibit 5 of plaintiff's motion for civil contempt. That exhibit by Prade's own admission lists over 500 individuals that received documents bearing infringing copies of plaintiff's AACRAO trademark. Despite being given yet another opportunity to comply with the Injunction, Prade has produced addresses for only 38 of the over 500 individuals. *See* Enclosure "Document A" with November 17, 2006 letter from S. Ricardo Narvaiz (attached at Tab A).

Indicative of his bad faith and his continued blatant disregard of this Court's Injunction, Prade attempted to rewrite the clear instruction from this Court's October 27th Order to avoid the true scope of the Injunction. This Order as well as the Injunction required Prade to provide the last known business, home or email address for each of the 500 individuals listed in Exhibit 5 to plaintiff's Motion for Civil Contempt. This list includes all individuals that were clients of Prade and AUAP including those that received general credential services and the so-called guaranteed admission program service. Prade, however, recast the Court's order into a much smaller obligation in which he had to provide addresses for only those individuals that were a part of

Prade's "Selection + Garanteed [sic] Admission Program."  *See* Tab A ("document A").  As the Court is well aware, the guaranteed admission program is a much smaller subset of Prade's general evaluation and credential business.

Neither Prade nor his counsel provided any explanation of why the list was so limited.

### III.   PRADE HAS STILL FAILED TO IDENTIFY ALL INSTITUTIONS

Prade and AUAP have still failed to name all of the academic, governmental and corporate institutions that received documents bearing plaintiff's trademark or confusingly similar marks.  Ostensibly in compliance with this Court's orders, Prade produced a document labeled "document B" that allegedly lists these institutions.  *See* Tab A.  Just a cursory review of that list, however, reveals that Prade is once again ignoring his obligations under the Injunction.  Absent from the list are the many academic institutions that are proudly named on AUAP's website, including Berkley, Bowling Green State University, California State, Cardozo School of Law, Darla Moore, Flagger College, Florida International University, George Washington School of Law, Hartford, Howard University, INSEAD, Kellogg, Kenan-Flager, Liberty University, Livingston, Lynn University, Marshall University, etc.  Indeed, there are over 40 academic institutions that appear on AUAP's website but are not identified as required by the Injunction.

Moreoever, Prade and AUAP have still not identified any governmental or corporate institutions.  As the Court will recall, one element of AUAP's business, which is prominently displayed on its website, is credential evaluation services for immigration and federal employment purposes.  *See* Exhibit 4 to Defendants' Motion to Dismiss Plaintiff's Motion for Civil Contempt.  Again, none of those institutions have been identified.

## IV. PRADE HAS FAILED TO PRODUCE ALL HARD DRIVES

While Prade produced one computer for inspection, he and AUAP have failed to produce *all* computers associated with their business of credential evaluation. And, to the extent Prade produced this one computer, he produced it without a power cord, forcing plaintiff to bear additional expenses.

In defendants' "additional memorandum" in opposition to the motion for contempt,[1] Prade filed an "exhibit 7" that Prade explained in his paper and to the Court at the October 2, 2006 hearing was a photograph of the AUAP office. That photograph clearly shows two computers in the AUAP office – the first a laptop (which was produced by Prade) and a second desk-top (Apple iMac) computer that has still not been produced.

When the undersigned brought the second computer to the attention of Prade's counsel, Prade's counsel advised that the photograph was of Prade's "home office" and that the second computer belonged to Prade's wife. That admission is telling for two reasons. First, the admission of a "home" office suggests that a formal office exists for AUAP. At the October 2nd hearing, however, Prade represented to the Court that photograph was of *the* AUAP office. Second, the admission that the second computer belongs to Prade's wife, even if true, directly links that second computer to this case as Prade's wife is an officer of AUAP.

Even in apparent compliance with the Court's Order, Prade engaged in bad faith. When the first computer was produced, it was produced without a power cord and little battery life remaining. In response, Prade's counsel stated that "a power cord could easily be purchased." *See* Tab B. Such conduct is indicative of Prade's disregard for the Injunction and plaintiff's rights.

---

[1] The Court denied entry of this additional memorandum. See September 22, 2006 Minute Order.

LDR/189036.1              4

### III. CONCLUSION

Prade and AUAP have once again shown they have no intention of fully complying with this Court's Injunction or respecting plaintiff's trademark rights.  Even when given yet another opportunity to demonstrate full compliance with the Injunction, defendants have chosen the same bad faith path of pushing the envelope to avoid the Injunction.  In no uncertain terms, AACRAO is the aggrieved party in this case, and it should not have to bear any further expense in protecting its trademark rights against this party.  Consequently, AACRAO respectfully requests that this Court grant its motion for civil contempt and compensatory relief.

Respectfully submitted,

                                                      s/Christopher P. Murphy
                                                    Christopher P. Murphy
                                                    D.C. Bar # 447130
                                                    John K. Hsu
                                                    D.C. Bar # 474245
                                                    Arent Fox PLLC
                                                    1050 Connecticut Avenue, NW
                                                    Washington, DC 20036
                                                    Telephone: 202-857-6000
                                                    Facsimile: 202-857-6395

                                               **ATTORNEYS FOR PLAINTIFF AACRAO**

## CERTIFICATE OF SERVICE

    I, Sarah L. Clarke, certify that a true and correct copy of the foregoing **PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' STATEMENT OF DEFENDANTS' CONTINUED NON-COMPLIANCE WITH CONSENT JUDGMENT AND INJUNCTION** along with all exhibits was served this August 15, 2006 via first-class mail and facsimile on S. Ricardo Narvaiz, 1300 Spring Street, Suite 500, Silver Spring, Maryland 20910.

                      s/Sarah L. Clarke_____