UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF )<br>COLLEGIATE REGISTRARS AND )<br>ADMISSIONS OFFICERS, )<br>              Plaintiff, )<br>                         )<br>v.                                )<br>                         )<br>AMERICAN UNIVERSITIES )<br>ADMISSION PROGRAM, INC., *et al.*, )<br>                         )<br>              **Defendants.**     ) | Case No. 06-0137 |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND
MOTION FOR CIVIL CONTEMPT AND COMPENSATORY RELIEF**

**COME NOW THE AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. ("AUAP, INC.") and DR. JEAN NOEL PRADE ("Dr. Prade") (collectively, "Defendants")**, in the above-captioned proceeding, by their undersigned counsel, and for their Opposition to the Motion for Order to Show Cause and Motion for Civil Contempt and Compensatory Relief ("Motion to Show Cause") filed by **Plaintiff AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS** ("**AACRAO**" or "**Plaintiff**"), state as follows:

**INTRODUCTION**

Plaintiff has filed its "Statement of Defendants' Continued Non-Compliance with Consent Judgment and Injunction" ("Statement of Non-Compliance") less than 24 hours before the hearing scheduled for December 15, 2006 in this proceeding. Plaintiff's Statement of Non-Compliance contains gross exaggerations of Defendants' alleged "non-compliance" the Court's "Memorandum Order" dated October 27, 2006 ("October 27, 2006 Order"). The truth is that Defendants have provided the Plaintiff with Defendants' computer and voluminous other documentation of Defendants' customers and contacts, and Defendants have removed any

reference to Plaintiff's marks from its Internet "Web page," as required by the Court's October 27, 2006 Order.  For the reasons set forth below, Defendants state that they are in substantial compliance with the Court's October 27, 2006 Order and that sanctions in this case are unwarranted.  Defendant Dr. Prade will be available to present testimony regarding Defendants' compliance efforts at the hearing before the Court presently scheduled for 2:30 p.m. on December 15, 2006.

**I.    IN COMPLIANCE WITH THE COURT'S ORDER OF OCTOBER 27, 2006, THE DEFENDANTS TURNED OVER THE COMPANY COMPUTER TO PLAINTIFF ON NOVEMBER 21, 2006**

The Court's October 27, 2006 Order specifically required the Defendants to "(4) [present] for inspection **for a period of three days** any computer hard drive used in connection with any document referring or relating to the use of any ACCRAO mark, marks that are confusingly similar to the AACRAO marks, or any reference to affiliation between Defendants and AACRAO. . ." (Emphasis added.)  In compliance with the Court's October 27, 2006 Order, Defendants, through their undersigned counsel, on November 17, 2006 sent to Plaintiff the computer used almost exclusively in the Defendants' business, an Apple laptop computer.   See Defendants' Exhibit 1, attached hereto and incorporated by reference, letter from Defendants' counsel to Plaintiff's counsel, documenting delivery of the laptop computer to Plaintiff's attorneys.

Ironically, Plaintiff admits in its Statement of Non-Compliance that Defendants, through their counsel, delivered to Plaintiff "one computer for inspection."  See Statement of Non-Compliance at 4.  Even though the Court's October 27, 2006 Order specifically stated that Defendants were required to turn over their computer for a "period of three days," Plaintiff kept the computer for approximately 9 days, from November 21 through November 30, 2006.

Despite Defendants' efforts to obtain counsel and turn over Defendants' computer, Plaintiffs continue to complain, without merit, that Defendants have "in bad faith" not "fully complied" with the Court's October 27, 2006 Order.  This Court must question the credibility of such allegations of "bad faith" on Defendants' part, when the facts clearly indicate Defendants' good faith in attempting to comply with the Court's October 27, 2006 Order.

Defendant Dr. Prade will testify at the December 15, 2006 hearing that he will turn over his wife's computer so that Plaintiff can have its computer forensic expert analyze the contents thereof.  However, Dr. Prade will also testify that his wife's computer is used almost exclusively for her business, although it appears in photographs that were tendered by him at a hearing held on October 2, 2006 in this proceeding.

Dr. Prade will testify that his wife's business has **nothing** to do with the business of AUAP, Inc. and that to provide his wife's computer earlier than indicated herein would have severely disrupted her business activities.  Dr. Prade will explain to the Court that despite the fact that his wife's computer is not – and has not been – used in the business of AUAP, Inc., they are willing to provide it to Plaintiff for analysis after December 15, 2006, while they are out of the country.  Dr. Prade and his wife will be traveling after December 19, 2006, and providing the computer to Plaintiff for a period of ten (10) days after that time will not disrupt Mrs. Prade's business activities.  It is not clear what Plaintiff's motives would be for not voluntarily agreeing with such an arrangement, under the circumstances as described above.

## II. DEFENDANT AUAP HAS PROVIDED VOLUMINOUS INFORMATION REGARDING ITS CLIENTS AND CONTACTS TO PLAINTIFFS BY TURNING OVER "CUSTOMER LISTS" AND ITS COMPUTER

In addition to turning over their primary and principal computer, Defendants provided voluminous lists of clients and customers on November 21, 2006.  Plaintiff's counsel admits having received this documentation, but then complains that it is essentially "not sufficient."  Dr.

3

Prade will testify at the December 15, 2006 hearing in this case that he has provided the documentation that exists with regard to AUAP's past clients. Plaintiff's counsel may not be pleased with AUAP's recordkeeping, but Defendants have turned over the documentation that they possess relative to former and current clients. Whatever information AUAP possesses, it is contained either in the lists provided to Plaintiff or in the computer already provided to Plaintiff and its attorneys.

### III.  DEFENDANT AUAP'S WEBSITE CONTAINS NO REFERENCE WHATSOEVER TO PLAINTIFF

Attached as Plaintiff's Exhibit 2 are print-outs of almost the entirety of AUAP's website. There is no reference at all to Plaintiff. Despite the undersigned counsel's request to Plaintiff's counsel for information or direction regarding any "trademark infringements" that exist relative to Plaintiff within Defendant AUAP Inc.'s website, Plaintiff's counsel declined to comment. Without some tangible evidence that Defendants are "violating" Plaintiff's "rights" because of Defendant's website, it appears that Plaintiff's counsel's concerns are unsubstantiated.

### CONCLUSION

Plaintiff's Statement of Non-Compliance against Defendants is simply over-blown. In this regard, Plaintiff's Statement of Non-Compliance is most significant for what it does ***not*** state. In spite of the fact that Plaintiff's large law firm and its computer forensics experts have had the opportunity to replicate Defendants' hard drive, and presumably have performed their "forensics analysis" thereof, Plaintiff does **NOT** allege that it has found any evidence of Defendants' use of references to Plaintiff's name. Plaintiff, its attorneys and computer experts have had a substantial opportunity in the past several weeks to document findings of specific instances of Defendants' "infringements" of Plaintiff's trademarks. However, they have come up with nothing to incriminate Defendants. Their "forensics analysis" has apparently not revealed

any instance of Defendants' use of the words "AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS," in a website, e-mails, correspondence or promotional materials. This lack of evidence is explained by one fact: It just does not exist.

Plaintiff and its attorneys can excoriate Defendants for their poor recordkeeping, and their desire not to disrupt the business of Mrs. Prade, but such allegations does not change the fact that Defendants do not have any more information and documentation than they have provided (or soon will provide by turning over Mrs. Prade's computer) relating to their clients and communications with educational institutions. Unless and until Plaintiff can produce evidence of Defendants' "wrongdoing," that at a minimum contains some specifiable reference to Plaintiff, Plaintiff has not met its burden of showing a violation of the Court's October 27, 2006 Order or of its general legal rights.

**WHEREFORE,** Defendants respectfully request that this Court deny Plaintiff's Motion for Order to Show Cause and Motion for Civil Contempt and Compensatory Relief.

**Respectfully submitted,**

/s/_____
S. Ricardo Narvaiz
Bar No. 317347
LAW OFFICES OF S. RICARDO NARVAIZ
1300 SPRING STREET, SUITE 500
Silver Spring, Maryland 20910
Telephone: (301) 628-2066
Facsimile: (301) 588-0854
Counsel for Defendants

**CERTIFICATE OF SERVICE**

5

I hereby certify that on the 15th day of December, 2006 a copy of the foregoing opposition in the above-referenced case was sent by e-mail and U.S. mail, postage prepaid, to the following:

>Christopher P. Murphy, Esq.
>John K. Hsu, Esq.
>Arent Fox PLLC
>1050 Connecticut Avenue, N.W.
>Washington, D.C. 20036

/s/
_____
S. Ricardo Narvaiz