UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF ) <br> COLLEGIATE REGISTRARS AND ) <br> ADMISSIONS OFFICERS, ) <br>                Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN UNIVERSITIES ) <br> ADMISSION PROGRAM, INC., *et al.*, ) <br> ) <br>                Defendants. ) | Case No. 06-0137 |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO
PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND COMPENSATORY RELIEF**

**COME NOW THE AMERICAN UNIVERSITIES ADMISSION PROGRAM, INC. ("AUAP, INC.") and DR. JEAN NOEL PRADE ("Dr. Prade") (collectively, "Defendants")**, in the above-captioned proceeding, by their undersigned counsel, and for their Opposition to the Motion for Civil Contempt and Compensatory Relief ("Motion") filed by **Plaintiff AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS ("AACRAO" or "Plaintiff")**, state as follows:

    **I.**    **PLAINTIFF HAS BEEN PROVIDED ALL AUAP COMPUTERS**

In compliance with the Court's order of December 15, 2006, the Defendants delivered Mrs. Prade's computer to AACRAO's attorneys on Thursday, December 21, 2006. See Affidavit of Dr. Jean-Noel Prade, attached hereto as Defendants' Exhibit A (the "Prade Affidavit") and D, incorporated herein fully by reference. This computer ". . .is a desktop system shared with [Dr. Prade's] wife['s] foreign cosmetics company. . ." *Id*., para. 10. In compliance with the Court's October 27, 2006 Order, Defendants, on November 17, 2006 sent to Plaintiff the computer used almost exclusively in the Defendants' business, an Apple laptop

computer. *Id*., para. 11 and Defendants' Exhibit C. Thus, AACRAO has received both of the computers that have ever been used by Defendants in AUAP's business. As stated by Dr. Prade, "There are no other computers (of any type) that have been used by AUAP in its work." *Id*., para. 10.

Even though the production of AUAP's second computer hard drive has been outside the time frame set forth in the Court's Memorandum Order entered on October 27, 2006 (*i.e*., November 27, 2006), Defendant produced its computer (the Apple laptop) within the time frame imposed by the Court. Furthermore, Defendant produced a second computer 24 days after the Court's deadline, and 6 days after the Court's directive on December 15, 2006.

Defendants may not be in technical compliance with the strict orders of the Court, but the delays are not egregious or indicative of Defendants' "bad faith" or attempts to "hide" or "destroy" data. Plaintiff would be hard-pressed to demonstrate some tangible and identifiable harm that it suffered as a result of Defendants' late compliance with the Court-ordered dates referred to above. Upon a fair analysis of these circumstances, it would be difficult to conclude that Defendants' actions are worthy of sanctions.

**II.    THE ADDRESSES OF AUAP'S "CREDENTIAL EVALUATION SERVICE" CUSTOMERS DO NOT EXIST AND CANNOT BE PRODUCED**

Dr. Prade in his Affidavit provides extensive details regarding the manner in which AUAP has maintained (or, more to the point, how it does not maintain) its business records. Dr. Prade draws an important distinction between the two programs that AUAP offers the public: First, there is the "Credential Evaluation Service," which costs clients approximately $70.00; and second, there is the "Selection + Guaranteed Admissions Program" (the "Guaranteed Admissions Program"), for which clients pay $2,000.00. See para. 3 *ff*., of the Prade Affidavit.

2

This distinction is of critical importance. Under the Credential Evaluation Service AUAP offers, it does not keep records that contain the addresses, telephone numbers, fax numbers or e-mail addresses of its clients. *Id*., para. 4-6. As stated in the Prade Affidavit in para. 5:

> . . .Due to the brief interaction with the customer and the limited services that are provided them, AUAP has not kept any archives, in any computer or in its files (as "hard copies"), of its communications with customers of its Credential Evaluation Service. . .

While such a lack of recordkeeping may not be an ideal business model, it is nevertheless the way that AUAP functions. In this regard, the Credential Evaluation Service is like a retail transaction in which the consumer pays for a distinct, modestly priced service that is a "one-time" transaction. In other words, there is no expectation on either AUAP's part or that of the customer that there will be a recurring relationship or a set of transactions occurring over time. To the contrary, AUAP's Credential Evaluation Service is a discrete and singular transaction, and apparently AUAP does not maintain communications with its customers after it provides the service. See the Prade Affidavit, para. 5.

On the other hand, AUAP's "Guaranteed Admissions Program" involves a higher cost ($2,000.00) and a higher level of services to a client, and extends over a longer period of time, than the Credential Evaulation Service. *Id.*, para. 8-9. As a result of the greater level of services in the "Guaranteed Admissions Program," AUAP keeps the street addresses and e-mail addresses of its clients, which are far fewer in number (approximately 75). In fact, AUAP's undersigned counsel provided these lists to AACRAO's attorneys on January 16, 2007. See Defendants' Exhibit B, B-1 and B-2 attached hereto and incorporated herein.

Viewed in the context described above, it is not surprising that Defendants have not produced the detailed list of customers for its Credential Evaluation Service and their addresses.

3

The reason for this lack of information is explained by the fact that AUAP does not need the information, so it does not create such an information database or maintain such information in any format.  Thus,

> . . .As a result of AUAP's lack of creation or maintenance of any archive of information for its Credential Evaluation Service customers, it is unable to produce any "list" thereof to AACRAO.  Such a "list" of Credential Evaluation Service customers does not exist, and it did not exist either before or after AUAP and I signed the Settlement Agreement with AACRAO and such a list did not exist before or after the "Final Consent Judgment and Injunction" was entered by the United States District Court for the District of Columbia, as referenced above.   Neither I nor AUAP can produce such a "list" or "lists" because such list or lists do not exist and never existed. . .

Prade Affidavit, para. 6.   In fact, if it ever existed in the databases or hard drives that AUAP has used, it does not reside there for long:  "The electronic information pertaining to AUAP's Credential Evaluation Service customers is routinely deleted from the computer once payment is made by the customer."  *Id*., para. 7.

AUAP cannot fairly be faulted for not providing data to AACRAO that either does not exist or that Dr. Prade cannot access.   Dr. Prade admits forthrightly that he is ". . .not a computer expert by any means."  *Id*., para. 12.   In good faith, Dr. Prade states,

> . . .If any electronic data exists in the computers that I have delivered to AACRAO's attorneys that pertain to correspondence with AUAP customers, I am most certainly unaware of the existence of such data, or how to access it. . .

*Id.*, para. 12-13.

Given Defendants' detailed explanations of why the addresses of AUAP's  Credential Evaluation Service do not exist, so far as Dr. Prade is aware, it is apparent that Defendants simply could not have produced to AACRAO the addresses for those clients within the time frame required by the Court's  "Final Consent Judgment and Injunction" entered on April 18, 2006 ("Consent Judgment") or otherwise.  It would be unfair, therefore, to sanction Defendants for not delivering information to AACRAO that does not exist.

Likewise, Defendants have produced the approximately 75 names of AUAP's "Guaranteed Admissions Program" clients, which perhaps could have been produced before. The salient fact, however, is that the "Guaranteed Admissions Program" clients' addresses have been provided and AACRAO may now use them as the parties agreed in their Settlement Agreement dated April 12, 2006 ("Settlement Agreement"). For the foregoing reasons, sanctions are not warranted against Defendants in this case.

### III.  AUAP HAS DELIVERED DETAILED LISTS TO AACRAO OF ALL THIRD PARTIES WITH WHICH IT HAS COMMUNICATED

In his Affidavit, Dr. Prade states that,

> . . .Under its "Credential Evaluation Service," AUAP only has communications with its customers. Under this program, AUAP does **not** communicate in any way with any government agencies (federal, state or local), nor does it communicate with any colleges or universities or any corporations or companies. AUAP only communicates with it customers who have requested "Credential Evaluation Service.

Prade Affidavit, para. 14. There have been only a few times (for fewer than 10 out of 500 clients) that a client has requested AUAP to send an evaluation directly to a university, and no records of such communications have been kept. *Id*., para. 15. Thus, AUAP cannot produce any information on its communications with government agencies or corporate entities, because no such communications have ever taken place, contrary to the apparent understanding of AACRAO.

With respect to the "Guaranteed Admissions Program," AUAP has delivered to AACRAO's attorneys a detailed list of colleges and universities with which it has communicated on behalf of clients. See Defendants' Exhibit B and B-2 attached hereto.

**WHEREFORE,** for the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion for Civil Contempt and Compensatory Relief.

**Respectfully submitted,**

/s/_____
**S. Ricardo Narvaiz**
**Bar No. 317347**
**LAW OFFICES OF S. RICARDO NARVAIZ**
**1300 SPRING STREET, SUITE 500**
**Silver Spring, Maryland 20910**
**Telephone: (301) 628-2066**
**Facsimile: (301) 588-0854**
**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2007 a copy of the foregoing opposition in the above-referenced case was sent by e-mail and U.S. mail, postage prepaid, to the following:

> Christopher P. Murphy, Esq.
> John K. Hsu, Esq.
> Arent Fox PLLC
> 1050 Connecticut Avenue, N.W.
> Washington, D.C. 20036

_____
S. Ricardo Narvaiz