IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGIATE   )<br>    REGISTRARS AND ADMISSIONS          )<br>    OFFICERS,                                             )<br>          Plaintiff,                        )<br>          v.                                     )<br>AMERICAN UNIVERSITIES ADMISSION     )<br>    PROGRAM, INC. et al.,                    )<br>          Defendants.                     )<br>_____) | Civil Action No. 06-0137 |

**PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' SECOND STATEMENT OF DEFENDANTS' CONTINUED <u>NON-COMPLIANCE WITH CONSENT JUDGMENT AND INJUNCTION</u>**

I.   INTRODUCTION

Now **nine months** after the Injunction issued, Defendants have still failed to comply with their obligations, despite the Court giving the defendants three "second chances" to comply. Unquestionably, the justice sought by the undisputed aggrieved party AACRAO, the lawful trademark holder, is now at serious risk of being shattered and lost in an endless loop of "second chances." Indeed, the unscrupulous defendants have banked on the goodwill of AACRAO and this Court – bringing this matter to a precipice and then following up with broken promises and failed obligations – to AACRAO's considerable detriment. This case is now beyond the pale, however, and the defendants must be sanctioned.

Defendants have still not provided the last known addresses of the 500 plus customers for which defendants unlawfully suggested an affiliation with AACRAO. For nine months, those customers have been left to believe that their credentials were reviewed by a legitimate

organization affiliated with AACRAO. Not unexpectedly, as is their standard operating procedure, defendants have produced a few more addresses on this third "second chance," but have still not provided addresses for over 400 individuals. Critically and quite inexplicably, defendants still maintain that their obligation under the Injunction is limited to providing addresses only for Prade's "Selection + Garanteed [sic] Admission Program." Defendants have offered no explanation as to why they believe the Injunction is so limited.

Similarly, defendants have failed to identify all academic, governmental and corporate institutions that received defendants' evaluations. Again, defendants provided a few more names of academic institutions, but others, like Bowling Green University, Cleveland State University, Flagger College, Kellogg College, and Howard University, have still not been identified even though these academic institutions are proudly touted on defendants' website as "success stories." Defendants still have not identified any corporate or governmental entities.

For these reasons and as explained in more detail below, plaintiff renews its motion for civil contempt and sanctions.

## II.   BACKGROUND

In the nine months that Prade and AUAP have refused to comply with the Injunction, ducking behind the generosity of the Court, AACRAO has been harmed and forced to bear significant costs, both monetary and harm to its trademarks. So that the Court is fully aware of the events leading up to this brief, the following summarizes the bad faith of Prade and AUAP.

First and foremost, Prade is a known thief of trademarks. The World Intellectual Property Organization (WIPO) held that Prade in bad faith infringed the trademark "Louis Vuitton®." WIPO concluded that "[i]n view of [Prade's] behaviour, his real and current goal was to bother [Louis Vuitton] speculating on [Louis Vuitton's] irritation and financial means to

sell-off the Domain Name at good price." *See* Ex. 14 to AACRAO's Motion For Civil Contempt and Compensatory Relief (hereafter Contempt Motion). It is not surprising then to find Prade trying to profit from the unscrupulous world of diploma mills. As one education journalist reported:

> Alan Contreras, who heads the State of Oregon's Office of Degree Authorization and is a national watchdog on diploma mills, connects the dots more directly. He asserts that Prade, the owner of AUAP, also owns a series of "faux French degree suppliers that use variants on the name 'Robert de Sorbon.'" To add credibility to the degrees issued by those institutions (which Oregon, among other states, declines to recognize), Contreras asserts, "an 'evaluation service' magically appeared that made itself look like it was AACRAO-related. It did this because AACRAO is one of the best known 'names' in the international degree evaluation business. The net effect of this," Contreras added, "is that AACRAO's name is being used to promote foreign diploma mills, and AACRAO quite rightly objects to having its reputation trashed."
>
> See Ex. H to AACRAO's Reply To Defendants' Opposition to Plaintiff's Motion For Civil Contempt and Compensatory Relief (hereafter Contempt Reply).

Despite knowing Prade's background, AACRAO endeavored in good faith to resolve the present dispute with defendants without litigation. Before instituting this litigation, AACRAO alerted defendants on two occasions that they had no authorization to use AACRAO's marks and instructed AUAP to cease and desist from making use of the AACRAO marks and falsely representing itself as a member of, or affiliated with, AACRAO. *See* Ex. 3 to Contempt Motion. Prade, however, maintained a frivolous position that he had an affirmative right to use AACRAO's marks and to falsely represent that AUAP was a member of AACRAO. *See* Ex. 4 to Contempt Motion. Consequently, defendants left AACRAO no alternative but to protect its rights through costly litigation that could have been wholly avoided if defendants respected the property rights of AACRAO.

After reaching a settlement of the litigation – a settlement in which AACRAO waived its right to damages in exchange for very specific promises by Prade to provide names and addresses, defendants refused to honor their agreement in any meaningful way and ignored their obligations under the Injunction. First, defendants disingenuously contended that the Injunction did not require anything more than the compilation of names without addresses because the Injunction used the term "list" – a position that has been rejected by the Court. *See* Ex. 8 to Contempt Motion. Second, as to the requirement to identify all academic, corporate and governmental institutions, defendants claimed that they did not know the institutional recipients of their reports because AUAP provided the reports only to their direct customers, a claim that has now found to be completely untrue. *See* Ex. 8 to Contempt Motion. Third, despite assurance by Prade that he had removed all references from AUAP's website, defendants continued to use AACRAO's mark on their webpage. *See* Ex. 8; Ex. 11 to Contempt Motion.

As a result, on July 17, 2006, AACRAO was forced to file the present Motion for Contempt. On July 25, 2006, the Court ordered that defendants had until August 7, 2006 to show cause why they should not be held in contempt for violation of the Injunction. With their first missed "second chance," defendants refused to comply with the Injunction and instead Prade opposed the contempt motion (on behalf of himself and the corporate AUAP) on the same grounds discussed above. AUAP also did not appear through counsel, though it was ordered to do so. On August 11, 2006, the Court referred this matter to Magistrate Judge Kay, and on October 2, 2006, a hearing was held on the contempt motion.

On October 27, 2006, the Court found defendants in contempt of the Injunction and ordered defendants to produce all information required under the Injunction as well as "all hard drives" used in connection with AACRAO's marks. Despite being given this second "second

chance," defendants still refused to comply with the Injunction.  Defendants produced addresses for only 38 of the over 500 customers, claiming without basis that the Injunction was limited to Prade's "Selection + Garanteed [sic] Admission Program" customers.  *See* Ex. A to AACRAO's Statement of Defendants' Continued Non-Compliance.  Defendants also failed to provide the names of all academic, corporate and governmental institutions.  As presented to the Court, there were over 40 academic institutions that appear on AUAP's website but were not identified by defendants.  *Id.*

Defendants also failed to produce all computer hard drives.   With the assistance of a forensic computer expert, AACRAO demonstrated to the Court at the December 15, 2006 hearing that a second hard drive had been used by AUAP but was not produced.  Attached as Exhibit 1 is one of the evaluations bearing infringing AACRAO marks taken from the hard drive produced by defendants.  Metadata from that file, also found at exhibit 1, shows a "Creation Date" of May 25, 2006 and a "Time Last Printed" date of March 24, 2006.  This apparent anomaly (i.e., being printed before being created) occurs when a file is transferred from one hard drive to another.  In other words, this file (and others) resided on another hard drive not produced by defendants.  This fact can be further confirmed by the metadata by reference to the "Last 10 Authors," which indicates that the file resided on a "LEXAR MEDIA," a type of flash memory used to transfer files between hard drives.

Despite this uncontroverted evidence that defendants still had not complied with the Injunction, the Court granted defendants a third "second chance" to comply.  They have once again failed to do so.

**III.     PRADE HAS STILL FAILED TO PROVIDE ADDRESSES OF HIS CLIENTS**

AUAP and Prade have still failed to produce the addresses for over 400 of the 500 plus customers the Injunction required them to provide. Despite this third "second chance," defendants produced only another 35 addresses. *See* Narvaiz letter with enclosures (attached as Exhibit 2). As before, defendants try to limit the impact of the Injunction to their "Selection + Garanteed [sic] Admission Program." In their "supplemental opposition," defendants assert that "addresses of AUAP's 'credential evaluation service' customers do not exist and cannot be produced." Incredibly, to that end, defendants assert that "AUAP cannot be fairly faulted for not providing data to AACRAO that either does not exist or that Dr. Prade cannot access." The defendants would have the Court believe that the data does not exist because the service is only $70.00.

But whether the Court believes that ridiculous proposition or not, it is of no moment to the sanctions issue presented. The Injunction was drafted by the parties and entered into by consent as part of a settlement of this case. This matter is not a case of a too onerous injunction drafted by the court. Indeed, during settlement discussion, the fundamental consideration to AACRAO for settlement of its claims against defendants was AUAP's and Prade's promise to provide these addresses. At no time during settlement discussions did the defendants ever reveal that they could not produce the required information. Had they done so, AACRAO never would have waived its right to damages for defendants' willful infringement. It is even more egregious for defendants to now admit that such "a list of Credential Evaluation Service customers does not exist, and it did not exist either before or after AUAP and I signed the Settlement Agreement." Such an admission reeks of bad faith – the defendants duped AACRAO into releasing claims on a promise they knew they could not keep. On that basis alone, defendants should be sanctioned.

## IV.  PRADE HAS STILL FAILED TO IDENTIFY ALL INSTITUTIONS

Prade and AUAP have still failed to name all of the academic, governmental and corporate institutions that received documents bearing plaintiff's trademark or confusingly similar marks.  Defendants identified a few more academic institutions, see Exhibit 2, but the list remains incomplete.  Absent from the new list are the many academic institutions that are proudly named on AUAP's website, including Bowling Green State University, Cleveland State College, Darla Moore, Flagger College, Howard University, Kellogg, and many others.  If the defendants can boast about these institutions on their website, ought they not be required to identify them when so ordered by the Court?

But as with the issue of addresses, Prade and AUAP entered into a settlement agreement and a Consent Injunction promising to identify all institutions.  Defendants cannot now be heard to claim that they cannot identify these institutions because no such communications took place (of course, ignoring the website boast to the contrary).

## V.  PRADE MISREPRESENTED TO THE COURT ABOUT PRODUCTION OF ALL HARD DRIVES

At the hearing on December 15, 2006, AACRAO established the existence of a second computer used by AUAP and, critically, that it was not produced as required.  Prade, however, in no uncertain terms, represented to the Court at the hearing that there was no second computer and that the second computer shown in the exhibits in this matter[1] was used exclusively by his wife in her business.  Now, contrary to his representations to the Court, Prade asserts by affidavit that AUAP shared the second computer with his wife.  Worse, defendants fail to explain why this

---

[1] In defendants' "additional memorandum" in opposition to the motion for contempt, Prade filed an "exhibit 7" that Prade explained in his paper and to the Court at the October 2, 2006 hearing was a photograph of the AUAP office.  That photograph clearly shows two computers in the AUAP office – the first a laptop (which was the first computer produced by Prade) and a second desk-top (Apple iMac) computer that was produced after AACRAO established its existence.

second computer was not produced in response to this Court's October 27, 2006 Order except to admit a "technical" violation of the Order. Far from technical, no one could seriously believe that defendants would have produced the second computer but for the expense that AACRAO incurred for a computer forensic expert.

## VI. CONCLUSION

Prade and AUAP must now be sanctioned. Defendants have repeatedly demonstrated bad faith and unscrupulous behavior; an affinity to misrepresent facts to AACRAO and the Court; and they have never respected the intellectual property of others. AACRAO cannot in any manner trust any information provided by defendants or that defendants will continue to honor the Injunction. AACRAO should not have had to bear the costs and attorneys' fees that it did. Accordingly, AACRAO demands that the following sanctions be imposed:

   1. an award of all of AACRAO's attorneys' fees in this matter;

   2. an award of all of AACRAO's costs in this matter including the costs for the forensic computer expert;

   3. an award of compensatory damages caused by and punitive damages for defendants' bad faith litigation conduct, including the costs of forcing compliance with the Injunction; and

   4. an order permitting AACRAO entry upon defendants' premises at periodic times for inspections to assure future compliance with the Injunction.

Respectfully submitted,

                                                      s/Christopher P. Murphy
                                                      Christopher P. Murphy (# 447130)
                                                      Arent Fox LLP
                                                      1050 Connecticut Avenue, NW
                                                      Washington, DC 20036
                                                      Telephone: 202-857-6000
                                                      Facsimile: 202-857-6395

                                                **ATTORNEYS FOR PLAINTIFF AACRAO**

## CERTIFICATE OF SERVICE

I, Sarah L. Clarke, certify that a true and correct copy of the foregoing **PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' SECOND STATEMENT OF DEFENDANTS' CONTINUED NON-COMPLIANCE WITH CONSENT JUDGMENT AND INJUNCTION** along with all exhibits was served this January 19, 2007 via first-class mail and email on S. Ricardo Narvaiz, 1300 Spring Street, Suite 500, Silver Spring, Maryland 20910.

s/Sarah L. Clarke_____