IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN ASSOCIATION OF COLLEGIATE  )
   REGISTRARS AND ADMISSIONS )
   OFFICERS, )
                                                      )
   Plaintiff, )
                                                      )
v. )   Civil Action No. 06-0137
                                                      )
AMERICAN UNIVERSITIES ADMISSION )
   PROGRAM, INC. et al., )
                                                      )
   Defendants. )

**PLAINTIFF THE AMERICAN ASSOCIATION OF
COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS'
REPLY TO DEFENDANTS' SUPPLEMENTAL OPPOSITION**

At the second status hearing on Plaintiff's motion for contempt and sanctions held on January 22, 2007, the Court inquired of the undersigned of case law supporting the requested prospective sanctions for future violations of an injunction. This brief is filed in response to that inquiry.

Prospective sanctions are proper where, as here, the defendant has shown an indifference to compliance or enforcement of an order or injunction protecting trademark rights. *See, e.g., Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529 (11th Cir. 1986). The propriety of such prospective sanctions does not turn on either the flagrancy of past violations or the likelihood of future violations, but rather turns on the flagrancy of the *past efforts* of a defendant *to comply* with the injunction. *Id.* at 1536 (emphasis added). In other words, where a defendant has demonstrated past inadequate compliance efforts, prospective

sanctions can be imposed to assure that future respect of an injunction is improved over past inadequate performance.

To say the least, AUAP's and Prade's efforts to comply with the Injunction in this case has been, at best, indifferent if not willful. As the Court is aware, defendants:

1. first claimed they had an affirmative right to use AACRAO's trademarks, *see* Motion for Preliminary Injunction, Ex. 1;

2. failed after the Injunction issued to properly police their website and remove infringing references to plaintiff or its trademarks, *see* Motion for Contempt, Ex. 11;

3. after being told about the foregoing infringing use on their website, defendants continued to use infringing AACRAO marks on at least five different website pages, *see* Reply Brief to Motion for Contempt, Exs. A-E;

4. asserted the unsupported position that the Injunction did not require disclosure of client addresses, but agreed to produce such addresses at the first hearing on AACRAO's motion for contempt and sanctions;

5. thereafter, after AACRAO incurred significant additional expenses particularly for a forensic computer expert, defendants claimed the addresses never existed -- in effect admitting that defendants never intended to comply with the Injunction, *see* defendants' "Supplemental Opposition" to Motion for Contempt; and

6. falsely asserted to the Court at the first status hearing that AUAP had only one computer when later discovered forensic evidence established that AUAP indeed had at least a second computer, *see* Plaintiff's Second Statement of Non-Compliance, Ex. A.

Based on past performance, AACRAO has no real expectation that AUAP or Prade will respect the Injunction. Indeed, it is precisely cases like this one that require prospective sanctions. To that end, AACRAO suggests that the following prospective sanctions[1] to assure future compliance are reasonable:

A. an order granting AARAO, at least annually, the right to undertake a site inspection of defendants' property;

---

[1] The Court is aware that AACRAO also seeks attorneys fees, costs and a punitive award for defendants past, willful and bad faith behavior. This request for prospective sanctions is in no way intended to suggest that AACRAO no longer seeks those compensatory and punitive sanctions.

LDR/190856.1                                    2

     B.    at least $10,000 to set up a program and to pay an employee for monitoring defendants' websites and to fund the cost of notifying AACRAO members and other universities and colleges that AUAP and Prade are in no way affiliated with AACRAO; and

     C.    a fine schedule, as was set up in *Sizzler*, for each future violation of the Injunction. To that end, AACRAO suggests a fine of $5000 for the first violation, successively increasing for each subsequent violation.

Respectfully submitted,

                                                        s/Christopher P. Murphy
                                                       Christopher P. Murphy
                                                       D.C. Bar # 447130
                                                       Arent Fox LLP
                                                       1050 Connecticut Avenue, NW
                                                       Washington, DC 20036
                                                       Telephone: 202-857-6000
                                                       Facsimile: 202-857-6395

                                                       **ATTORNEYS FOR PLAINTIFF AACRAO**

## CERTIFICATE OF SERVICE

    I, Sarah L. Clarke, certify that a true and correct copy of the foregoing **PLAINTIFF THE AMERICAN ASSOCIATION OF COLLEGIATE REGISTRARS AND ADMISSIONS OFFICERS' REPLY TO DEFENDANT SUPPLEMENTAL OPPOSITION** along with all exhibits was served this January 24, 2007 via first-class mail and email on S. Ricardo Narvaiz, 1300 Spring Street, Suite 500, Silver Spring, Maryland 20910.

                                              s/Sarah L. Clarke