UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**AMERICAN ASSOCIATION OF**         )
**COLLEGIATE REGISTRARS AND**       )
**ADMISSIONS OFFICERS,**            )
                                    )
            **Plaintiffs,**    )
                                    )   Civil Action No. 06-137 (ESH)
  **v.**                          )
                                    )
**AMERICAN UNIVERSITIES ADMISSION** )
**PROGRAM, INC.,** *et al.***,**    )
                                    )
            **Defendants.**    )
_____ )

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This action arose out of defendants' unauthorized use of plaintiff's name and trademarks in their business.  The parties reached a settlement and entered into a Final Consent Judgment and Injunction in April 2006 [Dkt. # 17], which required defendants to cease all use of plaintiff's marks and provide plaintiff with a list of all institutions that plaintiff corresponded with using defendants' name or marks.  Plaintiff subsequently moved for civil contempt, requesting prospective sanctions and compensatory relief, arguing that defendants had failed to comply with the injunction.  Plaintiff alleges that defendants failed to provide certain information as required by the injunction, and failed to timely remove all references to plaintiff from defendants' website.  Pursuant to Local Civil Rule 72.3, this Court referred the motion to Magistrate Judge Alan Kay for report and recommendation.  Judge Kay recommended that plaintiff's motion for civil contempt be denied.  (*See* Report and Recommendation ("R&R") at 1.)

Specifically, Judge Kay found that though defendants were not in compliance with the injunction when plaintiff initially filed its contempt motion, they have now complied with the injunction to the fullest extent possible and "are unable to comply any further." (*Id.* at 9.) Judge Kay further observed that the contempt proceedings, if anything, have demonstrated defendants' "willingness to cooperate with the directives of the court," and he found no evidence that defendants are likely to engage in new trademark infringement against plaintiffs or to further violate the injunction. (*Id.* at 10.)

Plaintiff has filed extensive objections to Judge Kay's Report and Recommendation, arguing that because Judge Kay acknowledged that defendants were violating the injunction at one point, it is entitled to some sanctions -- attorney's fees and costs "[a]t a minimum" -- to ensure defendants' future compliance with the injunction. (Pl.'s Objections to R&R at 15.) Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3(c), the Court reviews the Report & Recommendation *de novo*. Upon consideration of the Report & Recommendation, the many months of proceedings that occurred before the Magistrate Judge, plaintiff's objections, and the entire record herein, the Court concludes that Judge Kay's conclusions are fully supported by the record and the law. Therefore, the Court will not reverse the findings and conclusions of the Magistrate Judge.

"[T]he judicial contempt power is a potent weapon that courts rightly impose with caution." *Teamsters Local Union No. 96 v. Wash. Gas & Light*, 466 F. Supp. 2d 360, 362 (D.D.C. 2006) (quoting *Joshi v. Prof'l Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987)) (internal quotation marks omitted) (alteration in original). Ultimately, it is left to the district court's discretion whether to impose contempt sanctions for a violation of its orders. *See*

18 U.S.C. § 401(3). The Court agrees with Judge Kay's assessment that defendants have now complied with the injunction to the fullest extent possible, and that the costly (and at times unnecessary) contempt proceedings and computer investigations plaintiff has undertaken have suggested little more than what defendants asserted at the outset -- that defendants did not retain the addresses of their Credential Evaluation Service customers and are unable to submit them to plaintiff. (R&R at 10; *see* Tr. of 10/2/06 Hr'g at 66; Tr. of 6/14/07 Hr'g at 6.) The Court also agrees that the language of the injunction regarding the extent of information that defendants were required to submit to plaintiff is not so "crystal clear" as to warrant contempt sanctions. (R&R at 10.) *See Teamsters Local Union No. 96*, 466 F. Supp. 2d at 362 ("To justify a finding of civil contempt, the party seeking contempt must demonstrate that 'the putative contemnor has violated an order that is clear and unambiguous.'" (quoting *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993))).

Accordingly, Magistrate Judge Kay's Report and Recommendation dated July 5, 2007 [Dkt. # 35] is **ADOPTED IN FULL**, and for the reasons discussed therein, plaintiff's Motion for Civil Contempt and Compensatory Relief [Dkt. # 18] and is **DENIED**.

    **SO ORDERED**.

                                                   /s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

Date: August 6, 2007